Argued December 20, 1935; affirmed February 4, 1936

## STATE EX REL. DYER *v.* FRANCIS ET AL.
(54 P. (2d) 297)

*T. A. Weinke,* of Portland (Weinke & Amstutz, C. W. Robison, and Hy Samuels, all of Portland, on the brief), for appellant.

*James L. Conley* and *L. J. Balbach,* both of Portland (Sheppard & Phillips, of Portland, on the brief), for respondents.

BELT, J. This is an action on a statutory bond required by the state corporation commissioner of a broker when licensed to deal in stocks, bonds, and other securities. From a judgment on the pleadings in favor of defendants the plaintiff appeals.

The bond, wherein Glenn S. Francis was named as principal and the Commercial Casualty Insurance Company as surety, was executed on June 18, 1929, in the sum of $5,000. The bond, so far as material herein, is as follows:

"The conditions of this obligation are such, that Whereas, the above bounden principal has applied to the Corporation Commissioner of the State of Oregon for a Broker's Permit in accordance with chapter II of title XXXIX, Oregon Laws, as amended, known as the 'blue sky law';

"Now, therefore, if the said principal, its officers, agents, employes and trustees, shall conduct and carry on its said business as a Stock and Bond Broker without fraud or fraudulent representation, and shall comply with all the requirements and provisions of said act, and acts amendatory thereof, and shall honestly and faithfully perform every undertaking and agreement entered into by it as a licensed broker under said

act, and shall refrain from doing any act or thing, and from any conduct constituting improper, fraudulent or dishonest dealing, within the meaning of said act, then this obligation shall be void; otherwise to remain in full force and effect.''

It appears in substance from the complaint that the defendant Glenn S. Francis, doing business as Glenn S. Francis Co., was engaged as a broker in the sale of stocks and securities in the city of Portland; that on October 23, 1929, the defendant Glenn S. Francis entered into an agreement with the relator J. W. Dyer to purchase and deliver to the latter certain stock in consideration of the relator's delivering to the said defendant certain stock owned by him in the Northwest Portland Cement Company and in the Fir-Tex Insulating Board Company; that the relator performed all the conditions of the contract on his part to be performed; that the defendant broker has failed and refused to carry out the agreement on his part, namely, purchasing and delivering to the relator the stock agreed to be exchanged; and that by reason of said breach of contract relator has been damaged in excess of the sum of $5,000.

The vital point in the case is whether the above statutory bond covers the breach of contract as alleged or whether, under the statute requiring the same, it is limited to transactions involving fraud and deception. It is observed that the bond provides that the broker or principal ''shall honestly and faithfully perform every undertaking and agreement entered into by it as a licensed broker under said act''. This language is undoubtedly broad and comprehensive enough to include breach of contract. The respondents, however, contend that such faithful performance clause exacted by the state corporation commission is not in keeping

with the purview of the blue sky law and is therefore ultra vires and void.

■ It is well established in this jurisdiction and elsewhere that the liability of a surety under a statutory bond is measured and defined by the statute requiring the bond. Any additions to the bond not required by statute are void and may be treated as mere surplusage: *State ex rel. Hagquist v. United States Fidelity & Guaranty Co.,* 125 Or. 13 (265 P. 775); *American Surety Co. of New York v. Steen,* 86 Okl. 252 (208 P. 212); *United States Fidelity & Guaranty Co. v. Iowa Telephone Co.,* 174 Iowa, 476 (156 N. W. 727); *Schisel v. Marvill,* 198 Iowa, 725 (197 N. W. 662). Hence, to determine the liability of the principal and surety under the bond, it is necessary to declare the statutory law applicable at the time the bond was executed.

■ The history of the various amendments to the blue sky law in this state was well reviewed by Mr. Justice KELLY, speaking for the court in *Hyde v. Pierce & Co.,* 147 Or. 5 (31 P. (2d) 755). At the time of the transaction in question, in 1929, section 25-1309, Oregon Code 1930, required every broker to file a corporate surety bond "satisfactory to the corporation commissioner, in the sum of $5,000, in such form and upon such conditions as the commissioner may designate". In the able briefs submitted it is not contended that such statutory provision authorized the corporation commissioner to exact a bond with conditions foreign to the object and purpose of the act. Clearly the legislature had in mind a bond which would effectuate the purpose and spirit of the blue sky law.

We can not agree with appellant that the blue sky law of this state was enacted for the purpose of enforcing contractual rights where no element of fraud is involved. It is true that in *Hyde v. Pierce & Co.,* supra,

wherein an identical bond was under consideration, the court used some language broad enough to include breach of contract, but that case involved an alleged fraudulent transaction and what was said must be read in the light of the question for decision. In stating the purpose of the act the court said:

"Being guided by the plain intent and purpose of the statute under consideration as disclosed by the titles employed in its enactment and amendments, and as clearly and unmistakably set forth in the context; and feeling that it is our duty to give effect to every part of the statute, if possible, we construe the statute to require a bond in the sum of $5,000 conditioned upon a compliance with the terms and provisions of said statute which prohibit fraud and misrepresentation."

In *Moe v. Coe*, 124 Or. 436 (263 P. 925), the court thus expressed the purpose of the law:

"However, the blue sky law  *  *  *  was intended to prevent the sale of securities issued by fly-by-night concerns, such as securities for visionary oil wells, distant gold mines, and other fradulent schemes and exploitations;  *  *  *."

*New Amsterdam Casualty Co. v. Hyde*, 148 Or. 229 (34 P. (2d) 930, 35 P. (2d) 980), is not to the contrary. We see no need to discuss cases cited from other jurisdictions based upon statutes materially different from that of Oregon.

Section 25-1319, Oregon Code 1930, prior to amendment (chapter 361, Oregon Laws 1933) provided for a bond of the broker "conditioned upon the faithful performance of the obligations of the said dealer or broker under said interim certificates and memoranda of sale and executed in form satisfactory to the commissioner by a surety company authorized to do business in this state  *  *  *", but such bond was to be given at the option of the broker and executed only when securities

were sold but not delivered. The faithful performance clause mentioned in the above section of the statute has no application to the statutory bond referred to in section 25-1309, Oregon Code 1930. The bonds executed pursuant to sections 25-1309 and 25-1319 are separate and distinct. The first bond, under section 25-1309, covering the obligations of the broker, is executed as a condition precedent to the issuance of a license to operate; the subsequent bond, executed pursuant to section 25-1319, covers the obligations of the broker under an interim certificate and memorandum of sale where stock has been sold but not delivered. Section 25-1319 does not authorize the corporation commissioner to include the faithful performance clause in the bond mentioned in section 25-1309.

█ Having thus declared the purpose and object of the blue sky law, it follows that the faithful performance clause exacted in the bond in question was not authorized and may be rejected as surplusage. With the elimination of such clause it is plain that the bond does not afford a basis for an action for breach of contract. It covers only transactions where fraud is involved.

██ In our opinion estoppel is not involved. The defendants, in the execution of the bond, fully complied with the statute. The nonstatutory conditions exacted by the corporation commission were ultra vires and void. Hence their inclusion in the bond was without consideration. Defendant Francis was entitled to the license to operate as a broker regardless of the inclusion of the faithful performance clause. We are not unmindful of the general rule that a principal and a surety are estopped from challenging the force and effect of recitals in a bond. However, an exception obtains where the recital pertains to a matter immaterial to the object and purpose of the bond and is without

consideration: 21 C. J. 1099. We are not dealing with a case wherein the party has accepted benefits under an unconstitutional law. In the instant case we have a valid statutory bond wherein a non-statutory condition was included without consideration or benefit to the obligor. Certainly no equitable estoppel is involved as the same is not pleaded although there was opportunity so to do. Neither do facts justifying such plea appear on the face of the pleadings.

The judgment of the circuit court is affirmed.

CAMPBELL, C. J., and ROSSMAN and KELLY, JJ., concur.