Argued September 9, affirmed September 30, 1953

# HARTFORD ACCIDENT AND IND. CO. ET AL. *v.* ANKENY

261 P. 2d 387

*John B. Ebinger,* of Klamath Falls, argued the cause and filed a brief for respondents other than Hartford Accident and Indemnity Company and State of Oregon.

*Ben Anderson,* of Portland, argued the cause for appellant. With him on the brief were *Anderson & Franklin,* of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, BRAND and TOOZE, Justices.

BRAND, J.

This suit was commenced 2 September 1949 by plaintiff Hartford Accident and Indemnity Company by filing a pleading which it denominated a "Bill of Peace in Equity in the Nature of an Interpleader and for a Declaratory Judgment." The bill alleged that the plaintiff was surety on a bond executed by the defendant, Ankeny, as principal, and that claims have been made against the surety by 18 other defendants named in the bill and hereafter referred to as the claimants, on account of alleged violations of the condition of the bond. Plaintiff asked for a declaration of its liability on the bond, and that the claimants be required to appear and assert their respective claims against the plaintiff. An order was entered allowing the interpleader on 2 September 1949, the same day on which the suit was filed. The claimants answered on 5 October 1949, setting forth their respective claims, and Ankeny filed a separate answer to the complaint, containing general denials. The defendant then demurred to the answer of the claimants, but made no objection to the allowing of the interpleader. The issue on the demurrer remained undecided, and on 13 April 1951 the claimants were permitted to file an amended answer, to which defendant Ankeny again demurred generally and upon the further ground that the suit was not commenced within the time allowed by law. Upon a hearing, the demurrer was overruled, and defendant refused to plead further. Judgment was then entered against the plaintiff in the amount of the bond, $5,000, to be applied pro rata to the claims.

It was further "adjudged and decreed" that all the answering claimants were entitled to share in the proceeds of the bond, that the plaintiff be discharged of any further liability on the bond, and that all rights under the bond be discharged except for the right of the surety to be indemnified for the losses it sustained. Plaintiff acquiesced in the judgment and has taken no part in this appeal. Defendant appeals from said "judgment and decree".

The facts, as alleged in the amended answer which must be taken as true, are that the defendant, a resident of Klamath Falls, Oregon, registered as a securities dealer under the Oregon Securities Act, OCLA, § 80-101 et seq., the so-called Blue Sky Law, in December of 1945, and posted a bond in the form and amount as required by the provisions of that act with the Corporation Commissioner, wherein the plaintiff acted as surety. During the summer of 1946 the defendant Ankeny received deposits of cash and securities from the claimants in certain specified amounts with which to execute the orders of the claimants to buy or sell on their behalf. About 7 September 1946, and at a time when the claimants had deposited $35,839.91 in cash and securities with the defendant, he left the state. Shortly thereafter, the plaintiff canceled the bond and the Corporation Commissioner revoked the registration of the defendant as a securities dealer. The defendant was subsequently arrested and returned to Oregon where he was indicted, tried and convicted of the crime of larceny by bailee. On 29 January 1947 the claimants made written demand upon the defendant Ankeny for payment, which was refused. Defendant was subsequently adjudged a bankrupt and his assets applied to reduce the demands of the claimants, but the

total of the claims remaining is in excess of the $5,000 limit of liability on the bond.

■■ A preliminary question in this case is the right of the defendant to maintain this appeal since the plaintiff has already paid the amount of the judgment into court. However, the defendant does have an interest in the result of this litigation, and can maintain the appeal, since the surety who pays the debts of his principal succeeds to the rights of the party to whom payment is made as against the principal. Nor is the liability of the defendant to the surety discharged in bankruptcy. Section 17 (a) of the Bankruptcy Act provides in part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another * * *." USCA, § 35.

It has been held that a person who converts the securities or money of another is chargeable with injuring the property of another within the meaning of section 17 (a) (2) of the act. *McIntyre v. Kavanaugh,* 242 US 138, 61 L ed 205, 37 S Ct 38; *Frangos v. Frangos,* 157 Pa St 87, 41 A2d 416; *In re Fuller,* 18 F Supp 394; *Van Epps v. Aufdemkamp,* 138 Cal App 622, 32 P2d 1116; *American Surety Co. v. McKiearnan,* 304 Mich 322, 8 NW2d 82; *Meyer v. Price,* 250 NY 370, 165 NE 814. Defendant therefore has an interest in the outcome of the litigation and can maintain the appeal.

■ An orderly discussion of this case warrants a consideration of the second assignment of error first. The defendant asserts that the court erred in entering

a declaratory decree "without first trying the issue raised by defendant Lewis Ankeny's answer to determine whether or not plaintiff, as stakeholder, was entitled to a decree requiring defendants to interplead." The record shows that the judge entered an order allowing the interpleader and directing the claimants to answer on the same day on which the bill was filed by the plaintiff. The defendant Ankeny answered the plaintiff's complaint by a general denial only. The claimants appeared by answer and set forth their claims, and Ankeny demurred. Nowhere in the record does it appear that the defendant objected to the procedure followed by the trial court. The alleged error is raised for the first time on appeal. This court looks with disfavor upon the practice of asserting in this court alleged errors which were never brought to the attention of the trial court. By his failure in the trial court to raise any question as to the propriety of the order allowing the interpleader, the defendant has waived his right to present that question to this court. *Woodmen of the World v. Rutledge,* 133 Cal 640, 65 P 1105; *Continental Nat. Bank of Los Angeles v. Stoltz,* 46 Cal App 532, 189 P 712; *Knapp v. B. Nicoll & Co.,* 112 Cal App 187, 296 P 655.

Defendant further contends that this case was not a proper one for interpleader since the plaintiff does not expressly admit its liability on the bond. It may be technically accurate to say that there was no express admission of liability, and certainly there was no tender into this court of the amount of the bond at the time of filing the complaint. The complaint did, however, allege:

"* * * That plaintiff is able and stands ready to pay the full penal sum of $5,000.00 under said

bond to such of the defendant claimants and any other claimants now unknown to plaintiff who are able to establish and prove legal valid claims under said bond. * * *"

The plaintiff then prayed that the defendants be required to appear to assert their claims for adjudication.

The record fails to show any participation in the case by the plaintiff subsequent to the issuance of the order for interpleader and the record further shows that the plaintiff satisfied the judgment by paying the full sum of $5,000 into court on the day on which the judgment was signed. The plaintiff has not appealed.

■ Under these conditions the issue should be decided in this court as if the claimants had filed this proceeding against the defendant Ankeny and his bondsman, and the only question is whether the answer of the claimants, treated as a complaint, was demurrable. No question having been raised below, either as to the propriety of the order for interpleader or as to the sufficiency of the plaintiff's pleading, whether as a complaint in interpleader or as an action for declaratory judgment, we decline to pass upon those questions as presented.

The procedure in this case closely resembles that followed in *New Amsterdam Co. v. Hyde,* 148 Or 229, 34 P2d 930, 35 P2d 980, in which the plaintiff bondsman sought and obtained a declaratory judgment fixing the extent of plaintiff's liability under the bond as to each of the respective defendants. In that case the court said at 244:

"If we refused to grant the plaintiff, New Amsterdam Casualty Company, a declaratory judgment, it would be compelled to solve debatable questions at its peril. It was not a wrongdoer. It

had not caused defendants or either of them injury. It was simply the surety on the bond of the principal to the extent of the penalty named in the bond. It is willing to bring the money into court and pay it in whatever way and to whom the court will declare it shall be paid."

The court ordered that the funds arising from the bond should be pro rated among the claimants who shall have established their claims.

There is no merit in the defendant's second assignment of error.

By his first assignment of error it is asserted that the court erred in overruling the defendant's demurrer to the amended answer of the claimants and in entering the decree "in that said amended answer does not state sufficient facts to constitute a claim upon plaintiff's bond nor any claim or cause of action or suit and in that said claims of said defendants have not been brought within the time limited by law." In support of the contention that the claimants have no rights against the bondsman, the defendant argues that the obligations of the bond "are limited to faithful compliance with the provisions of the securities act" and that the transactions set forth in the amended answer of the claimants do not come within the purview of that act. He asserts that the bond is to "indemnify purchasers for damages growing out of the brokers misrepresenting the value of securities and nothing more." The bond was given in accordance with the express requirements of OCLA, § 80-113, the material portion of the bond reading as follows:

"Now, therefore, if the said principal, his agents and employes, shall strictly, honestly and faithfully comply with the provisions of the aforementioned Oregon securities act, and shall pay all

damages suffered by any person by reason of the violation of any of the provisions of said act, or acts amendatory thereof and supplementary thereto, now or hereafter enacted, or by reason of any fraud, dishonesty, misrepresentation or concealment of facts materially affecting the value of any securities connected with, or growing out of any transaction contemplated by the provisions of this act, then this obligation shall be void; otherwise to remain in full force and effect."

The construction for which the defendant contends would unduly narrow the scope of the bond, contrary to the clear legislative intent. The answer of the claimants does not allege any misrepresentation as to the value of any securities, but it does allege a failure on the part of the defendant to "strictly, honestly and faithfully comply with the provisions of the aforementioned Oregon Securities Act."

The statute provides for the registration of a dealer and requires the giving of a bond, and further provides that the registration of a dealer may be suspended if it shall be determined that such registrant:

"(a) is insolvent, if a dealer; or

"(b) is of bad business repute or has demonstrated his unworthiness to transact the business of dealer or agent; or

"(c) does not conduct his business in accordance with law, or has violated any provisions of this act; or

"(d) is in such financial condition that he cannot continue in business with safety to his customers; or

"* * * * *

"(h) has failed to account to persons interested for all money or property received; or

"(i) has not delivered, after a reasonable time, to persons entitled thereto, securities held or agreed

to be delivered by the dealer, as and when paid for and due to be delivered; or

"* * * * *" OCLA, § 80-114.

The answer of the claimants sufficiently shows that the defendant has failed to account to persons interested for all money or property received, and has not delivered, after a reasonable time, "to persons entitled thereto, securities held or agreed to be delivered by the dealer, as and when paid for and due to be delivered * * *."

This case is controlled by the decision of *Richer v. Burke,* 147 Or 465, 34 P2d 317. In that case, which was not cited by either party, the plaintiff brought an action against a real estate broker and his bondsman, alleging fraud in a real estate transaction. The statute OC, § 63-722 provided that:

"* * * Any person injured by the failure of the real estate broker or real estate salesman to perform his duties, or comply with the provisions of this act, shall have the right in his own name to commence action against said real estate broker or real estate salesman and his sureties for the recovery of any damages sustained by the failure or omissions of said real estate broker or real estate salesman to perform his duties or either of them or to comply with the provisions of this act or any of them. * * *"

Section 63-727 OC empowered the commissioner to revoke a license of a real estate broker when "the licensee, in performing or attempting to perform any of the acts mentioned herein, is deemed guilty of:

"(a) Making any substantial misrepresentation; or

"* * * * *

"(g) Failing, within a reasonable time, to ac-

count for or remit any moneys coming into his possession which belong to others; or

" * * * * *

"(k) Any other conduct, whether of the same or a different character from that hereinbefore specified, which constitutes improper, fraudulent or dishonest dealing."

This court by Mr. Justice ROSSMAN said:

"The Session Law mentioned in the bond is codified as section 63-720, Oregon Code 1930. It requires applicants for a real estate broker's license to furnish a $2,000 bond 'conditioned that the applicant shall perform his duties and conduct his business in accordance with the requirements of this act.' The surety argues that the amended complaint does not allege, and that the evidence does not prove, that Burke 'failed in any respect to perform his duties or conduct his business in accordance with the requirements' of the above-mentioned section of our laws. In Hansen v. Johnson, 143 Or 532 (23P. (2d) 333), we held that the surety upon undertakings required by this statute was liable when the broker was guilty of fraud. However, the particular contention now advanced was not made in that case. Section 63-727, Oregon Code 1930, which expresses in part the broker's duties states that his license shall be revoked whenever the real estate commissioner is satisfied that the broker is guilty of '(a) making any substantial misrepresentation; or (b) making any false promises of a character likely to influence, persuade or induce; (c) * * *' We believe that these provisions of our laws outline the course of conduct of the broker and that a failure to comply with them constitutes a breach of the conditions of the bond. We find no merit in this contention."

Though *Richer v. Burke* was decided under the realtors code, the reasoning of that case is directly applicable here and controls the result.

■ In the pending case the answer of the claimants alleges that acts were performed by the defendant which authorized and required the revocation of the defendant's registration as a dealer in securities, and that such registration was in fact revoked. Since those acts required revocation, they established that there had been a failure to "strictly, honestly and faithfully comply with the provisions of the aforementioned Oregon Securities Act." The bond was conditioned for the payment of all damages suffered by any person by reason of the violation of any of the provisions of said act, and since the claimants suffered damages, it follows that the transactions set forth in the answer of the claimants were within the purview of the act and authorized recovery under the bond.

The defendant relies upon three California cases, *Blumenthal v. Larson,* 79 Cal App 726, 248 P 681; *Mitchell v. Smith,* 204 Cal 197, 267 P 540; and *Anthony v. Van,* 96 Cal App 523, 274 P 563. In *Anthony v. Van* the complaint alleged that the defendant broker converted securities entrusted to him and sought recovery upon the bond which had been executed pursuant to the Corporate Securities Act (St 1917, p 677), as amended in 1923. Stats 1923, p 90.) That act called for the filing of a bond " 'conditioned upon the faithful compliance with the provisions of the law' by the applicant, and containing the further provision 'that, upon failure to so comply, the applicant shall be liable to any and all persons who may suffer loss by reason thereof.' " The court reviewed the Blumenthal and Mitchell cases and held that the words of the statute "conditioned upon the faithful compliance with the provisions of the law" meant only the provisions of the Corporate Securities Act and that the pro-

visions of that statute were confined solely to sales of worthless securities, having no application to cases in which a broker had converted a client's property.

■ The California cases do not run contrary to our holding here, for we have held that under the wording of our statute, the allegations concerning the wrongful conversion by Ankeny of money and securities do set forth a failure to honestly comply with the Oregon Securities Act.

Shortly after the bond in *Anthony v. Van* was executed, the California statute was amended so as to require a bond conditioned, among other things, for the faithful application of all funds received, etc. The other cases cited by the defendant have been examined and do not support his position.

■ The defendant claims that the only action which can be brought on the bond is the one authorized by the provisions of OCLA, § 80-119. That section provides that a person making a sale in violation of the provisions of the act shall be liable to the purchaser in an action at law "upon tender of the securities sold or of the contract made for the full amount paid by such purchaser * * *." It provides further that no action shall be brought for the recovery of the purchase price after three years from the date of the sale. Obviously that section applies only to the case of sales made by the dealer to the injured person in violation of the provisions of the act. No such sales to them are alleged in the answer of the claimants. They received no securities and could tender none. The section has no relevancy to a case of this kind and the three-year statute of limitation for actions under that section is irrelevant.

■ The claim that an action brought under the provisions of OCLA, § 80-119 is the exclusive remedy against the bondsman is without merit. It is evident that the legislative intent, as expressed in OCLA, § 80-119, was to give an additional statutory remedy to defrauded purchasers and was not to exclude action on the bond based upon other violations of the securities act. That OCLA, § 80-119 was not intended to provide any exclusive remedy is indicated by the following provision of the statute:

"Nothing in this act shall limit any statutory or common law right of any person to bring any action in any court for any act involved in the sale of securities, or the right of the state to punish any person for any violation of any law." OCLA, § 80-129.

It will be observed that this proceeding is brought against the plaintiff bondsman. It seeks no direct adjudication against the defendant Ankeny. The bondsman has not asserted any claim under the statute of limitations. However, for the purpose of this discussion only, we will consider the defense of the statute of limitations as if made by the surety.

The earliest date on which any securities were delivered to the defendant was 27 May 1946. It follows, as to all of the claimants, that the cause of action could not have accrued earlier than that date. The defendant erroneously states that the claimants filed their answer on the 13th day of April 1951, the date of the filing of the amended complaint. The original answer, which sets forth substantially the cause of action which appears in the amended answer, was filed on 5 October 1949. It is clear that the statute had not run against the bondsman. Our statute imposes a limit of six years in the following cases:

"(1) An action upon a contract or liability, ex-

press or implied, excepting those mentioned in section 1-203;

"(2) An action upon a liability created by statute, other than a penalty or forfeiture;

"(3) An action for waste or trespass upon real property;

"(4) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof." OCLA, § 1-204.

The limitation imposed by OCLA, § 1-203 is ten years.

Since the limitation prescribed in OCLA, § 80-119 does not apply in this case, it follows that the action was not barred for at least six years from the date of its accrual. We find no merit in the defense based upon the statute of limitations.

The judgment and decree of the circuit court is affirmed.