**Joseph J. WHELAN, Appellant,**

v.

**UNITED STATES GUARANTEE COMPANY, Appellee.**

**No. 14119.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 17, 1958.

Decided Feb. 20, 1958.

Mr. Joseph M. Bonuso, Washington, D. C., for appellant.

Mr. Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This case raises a question of bankruptcy law. In 1952 the plaintiff-appellee sued the appellant in the District Court on a complaint alleging that "as surety on the defendant's [appellant's] fidelity bond" appellee had paid for the account of appellant the sum of $3,917.-86. Appellant did not answer the complaint, and a default judgment was entered. In 1955 appellant filed a petition in bankruptcy, listing appellee's judgment on his schedule of indebtedness. Later in 1955 appellant was adjudged bankrupt and was "discharged from all debts and claims * * * except such debts as are * * * excepted from the operation of a discharge in bankruptcy."

In June 1957 appellee sought to enforce its judgment by attaching appellant's goods and garnishing his wages. Appellant moved to restrain enforcement of the judgment and to quash the attachment. The District Court denied appellant's motion, holding that "the phrase 'fidelity bond' implies an obligation arising from breach of trust or fraud." As such, said the court, the debt was protected by Section 17, sub. a(4) of the Bankruptcy Act, 52 Stat. 851(1938), 11 U.S.C.A. § 35, sub. a(4),[1] and was not discharged in the bankruptcy proceeding. This appeal followed.

We disagree with the District Court. Debts which survive a discharge in bankruptcy are exceptions to the general scheme of the Bankruptcy Act. As such, a creditor seeking to take advantage of one of the statutory exceptions has the burden of proving that his claim falls within the excepting language. See 1 Collier On Bankruptcy, pars. 17.16, 17.24 (1956). This burden has not been met. It may be, as appellee argues, that fidelity bonds protect against the acts described in Section 17

---

1. Section 17 provides in part:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. * * *"

(a) (2) and (4). See e. g., Hartford Accident and Indemnity Co. v. Ankeny, 1953, 199 Or. 310, 261 P.2d 387. But the record here does not show whether the particular bond in question protected only against such acts (and not, for example, against merely negligent ones).[2] Nor does the record show the nature of the acts which appellant committed and for which payment was made. Unless appellee amends its pleading and alleges facts concerning the conduct giving rise to the debt sufficient to bring that debt clearly within the claimed exception, and, if those allegations are controverted, is able to substantiate them, its efforts to enforce its pre-bankruptcy judgment must fail. See Hill v. Smith, 1923, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419; Collier, loc. cit. supra.

The cause will be reversed and remanded for further proceedings not inconsistent with this opinion.

So ordered.

**2.** Appellee relies on such cases as Employers' Liability Assurance Corp. v. Citizens' National Bank, 1926, 85 Ind.App. 169, 151 N.E. 396; Thomas & Howard Co. of Shelby, Inc., v. American Mutual Liability Insurance Co., 1954, 241 N.C. 109, 84 S.E.2d 337; American Surety Co. of New York v. Commonwealth, 1942, 180

Va. 97, 21 S.E.2d 748. But such decisions as to the application of a particular policy to a particular situation are of little assistance with a record such as we have in this case. Cf. Maryland Casualty Co. v. American Trust Co., 5 Cir., 1934, 71 F.2d 137.