**UNITED PACIFIC INSURANCE COM-
PANY, a corporation, Plaintiff-
Appellee,**

v.

**Harold M. STANFORD, Defendant-
Appellant.**

No. 72–1487.

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1973.

Patrick M. Smith (argued), Robert S. Ball, Richard M. Sandvik, of Smith, Todd & Ball, Portland, Ore., for defendant-appellant.

Daniel J. Seifer (argued), Paul R. Meyer, of Kobin & Meyer, Portland, Ore., for plaintiff-appellee.

Lee Johnson, Atty. Gen., Dale T. Crabtree, Asst. Atty. Gen., Salem, Ore., for the amicus curiae.

Before MERRILL and TRASK, Circuit Judges, and JAMESON*, District Judge.

MERRILL, Circuit Judge:

This diversity case presents the question: Which statute of limitations applies to the liability of a surety to a third party for the tortious act of its principal? Is it the statute applying to the tort of the principal, or is it the statute applying to the surety's contract with the principal? We hold it to be the latter.

Oregon securities laws, ORS § 59.005, et seq., require dealers in securities to secure an indemnity agreement or "blue-sky bond" in form satisfactory to the Commissioner of Corporations. Pacific Industrial Underwriters ("Principal"), secured one from appellee. The bond covered both statutory securities fraud as defined by Oregon securities law and common-law fraud.[1] Appellant

---

* Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

1. The remedy provided by Oregon securities laws is a cumulative and not exclusive remedy for fraud related to securities. ORS § 59.305; Hartford Accident and Indemnity Company v. Ankeny, 199 Or. 310, 261 P.2d 387, 393 (1953).

brought suit in state court against Principal charging fraud. One count was for securities fraud, which, by Oregon securities law, has a three-year statute of limitations applicable to recovery against either a principal or a surety. A second count was for common-law fraud which, under Oregon law, has a two-year statute of limitations. Appellant secured judgment against Principal on both counts and demanded payment from appellee. Appellee brought this suit in interpleader to determine its liability on its bond. By the time of suit the three-year statute of limitations had run on the statutory securities fraud and it is conceded that appellee's liability as surety for the statutory securities fraud of Principal was barred. The question remains as to liability for Principal's common-law fraud. The District Court held recovery barred by Oregon's two-year statute. Appellant contends that Oregon's six-year statute, applicable to contract liability (which had not run), should apply. We agree.

. It is the contract that the bond constitutes that is the source of appellee's liability. Its contract obligation is to respond when liability of the principal is duly established. It makes little sense to hold that the surety's obligation for a principal's tort is barred by the statute applicable to the principal's liability when that liability has already been reduced to judgment and continues to exist. The authorities on which appellant relies are distinguishable. In each of those cases the statute had run on the principal's obligation and precluded the securing of judgment against him.[2] Under these circumstances the surety's freedom from liability is due not to the running of the statute against the surety's obligation but to the fact that with the principal free from liability, the obligation of the surety was discharged.

Reversed and remanded for vacating of judgment and further proceedings.

---

2. State v. Davis, 42 Or. 34, 71 P. 68, 72 P. 317 (1903); Barnes v. Massachusetts Bonding and Insurance Company, 89 Or. 141, 172 P. 95 (1918); Ryus v. Gruble, 31 Kan. 767, 3 P. 518 (1884).