Argued July 26, affirmed December 13, 1976, reconsideration denied January 19, petition for review denied April 12, 1977

STATE ex rel HEALY, *Respondent,*

*v.*

MARYLAND CASUALTY COMPANY, *Defendant,*

and

DEAL, *Intervenor-Appellant.*

(No. 80103, CA 5659)

STATE ex rel HEALY, *Respondent,*

*v.*

UNITED PACIFIC INSURANCE COMPANY,
*Appellant.*

(No. 80104, CA 5659)

557 P2d 258

*Elizabeth Yeats,* Portland, argued the cause for appellants. With her on the briefs were Kobin & Meyer and Paul R. Meyer, Portland, attorneys for appellants United Pacific Insurance Company and J. Richard Deal, and Brand, Lee, Ferris & Embick and Thomas B. Brand, Salem, attorneys for intervenor-appellant J. Richard Deal.

No appearance for defendant Maryland Casualty Company.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

In these consolidated cases plaintiff sought recovery against defendants as sureties for Pacific Securities Company on two blue sky bonds. The court, without a jury, concluded:

"(1) Plaintiff has capacity and standing to bring this action.

"(2) The complaint states facts sufficient to constitute a cause of action under the bond and an allegation of fraud is not necessary.

"(3) Neither the two-year nor the three-year statute of limitations contended by defendant applies to this cause of action and the statute of limitations had not yet run on this claim when the action was filed.

"(4) Defendant is liable for damages incurred due to violations of the Oregon Securities Law occurring during the period when the bond was in effect.

"(5) Plaintiff has sustained its burden of proving its cause of action and is entitled to damages in the amount of * * * [$8,150 as to defendant United Pacific Insurance Company, $4,473.04 as to defendant Maryland Casualty Company], together with interest thereon at six percent per annum from September 25, 1972, until paid, for the use and benefit of all interested persons."

On appeal, defendants assign as error the first three conclusions, the failure to conclude that the two bonds constituted a single obligation with an aggregate liability limit of $10,000, the receipt of an exhibit into evidence without proper foundation and the award of attorney fees.

The essential facts are these:

In order to register as a broker-dealer, Pacific Securities Company filed with the Corporation Commissioner a surety bond running to the State of Oregon in the sum of $10,000, as required by ORS 59.175(5). The first such bond, with Maryland Casualty Company as surety, was posted December 13, 1967, and canceled May 22, 1969, on which date a bond with United Pacific Insurance Company as surety was

posted, which remained in effect until its cancellation on October 31, 1969. On January 30, 1970, Pacific Securities Company was adjudicated bankrupt. On April 19, 1973, plaintiff in his official capacity as Corporation Commissioner brought suit against each surety for the use and benefit of all interested persons. The complaints alleged that Pacific Securities Company had, between December 13, 1967, and December 12, 1969, failed to account to persons interested for all money or property received and to deliver, after a reasonable time, to persons entitled thereto, securities held or to be delivered. The complaints did not allege fraud, and at trial plaintiff conceded that no fraud had been proved. The complaints sought judgment in the amount of $10,000 on each bond, with interest, and attorney fees.

We will treat defendants' assignments of error seriatim.

■ (1) Defendants contend that the Corporation Commissioner does not have capacity to commence an action on a blue sky bond on his own initiative on behalf of unnamed persons damaged by a violation of the Oregon Securities Law. The contention assumes that the commissioner has no statutory authority to bring suit and that authority may not be implied. Even if we agreed that the authority of the Corporation Commissioner to sue on the bond may not be implied, *any person* having a right of action against a broker-dealer pursuant to ORS 59.115 has a right of action on the bond. ORS 59.115(6). The gravamen of this action is a violation of ORS 59.115(1)(a). The commissioner may sue directly against the broker-dealer for a violation of ORS 59.115 pursuant to ORS 59.255,[1]

---

[1] ORS 59.255 provides:

"(1) Whenever it appears to the commissioner that a person has engaged or is about to engage in an act or practice constituting a violation of any provision of the Oregon Securities Law or any rule or order of the commissioner, the commissioner may bring suit in the name and on behalf of the State of Oregon in the circuit court of any county of this state to enjoin the acts or practices and to enforce

and may, therefore, bring an action on the bond.[2]

(2) Defendants argue that the complaint does not state a cause of action under the Oregon Securities Law because no fraud was alleged, citing *State v. Francis,* 152 Or 448, 54 P2d 297 (1936). Subsequent amendments to the Oregon Securities Law and the later case of *Hartford Acc. and Ind. Co. v. Ankeny,* 199 Or 310, 261 P2d 387 (1953), have in substance, overruled *State v. Francis,* supra.

The alleged failure of Pacific Securities Company to account for money and to deliver securities constitutes grounds for revocation of its broker-dealer registration. ORS 59.205 provides:

> "Except as provided in ORS 59.215, the commissioner may by order deny, suspend or revoke registration of a person as a broker-dealer, salesman or investment adviser if he finds that the applicant or registrant:
>
> "* * * * *

compliance with the Oregon Securities Law or such rule or order. Upon a proper showing, a permanent or temporary injunction, restraining order, or writ of mandamus, shall be granted. If the court finds that the defendant has violated any provision of the Oregon Securities Law or any such rule or order, the court may appoint a receiver, who may be the commissioner, for the defendant or the defendant's assets. The court may not require the commissioner to post a bond. If the commissioner prevails, he shall be entitled to a reasonable attorney fee to be fixed by the court.

"(2) The commissioner may include in any action authorized by subsection (1) of this section a claim for restitution or damages under ORS 59.115 or 59.127, on behalf of the persons injured by the act or practice constituting the subject matter of the action. The court shall have jurisdiction to award appropriate relief to such persons, if the court finds that enforcement of the rights of such persons by private civil action, whether by class action or otherwise, would be so burdensome or expensive as to be impractical."

[2]Defendants also argue that since there was no finding that the enforcement of the rights of persons injured by defendants' acts would be so burdensome or expensive as to be impractical if individually pursued, as required by ORS 59.255(2), the commissioner cannot maintain this action on the bond.

The identity and extent of damage to the injured persons in this case is established by the bankruptcy records. Assuming the finding may not be implied from the order in a suit directly against the principal, we find no basis for requiring an express finding of impracticality in a suit on the bond.

"(7) Has failed to account to persons interested for all money or property received;

"(8) Has not delivered after a reasonable time, to persons entitled thereto, securities held or to be delivered; * * *

"* * * * *."[3]

ORS 59.115 provides:

"(1) Any person who:

"(a) Offers or sells a security in violation of the Oregon Securities Law or of any rule or order of the commissioner, or of any condition, limitation or restriction imposed upon a registration under the Oregon Securities Law * * *

"(b) * * * * *

is liable as provided in subsection (2) of this section to the person buying the security from him.

"* * * * *."

■ A failure to account and deliver under ORS 59.205(7) and (8) is a violation of a "condition, limitation or restriction imposed upon a registration under the Oregon Securities Law," prohibited by ORS 59.115(1)(a), and an allegation of the failure to account and deliver states a cause of action under that section.

■■ (3) Defendants argue that the three-year limitation in ORS 59.115(5) is applicable and bars this action because the bond was canceled on October 31, 1969, and the actions were filed on April 19, 1973, more than three years after the statutory violations occurred.

ORS 59.115(5) provides:

"No action or suit may be commenced under this section more than three years after the sale."

---

[3]The Supreme Court in Hartford Acc. and Ind. Co. v. Ankeny, 199 Or 310, 261 P2d 387 (1953), held that these same grounds for revocation were failures to "strictly, honestly and faithfully comply with the provisions of the * * * Oregon Securities Act," as required by the terms of the bond. 199 Or at 318-19, 321. The bond in this case, like the bond in *Ankeny,* states that the principal "shall strictly, honestly and faithfully comply with the provisions of the * * * Oregon Securities Law, and shall pay all damages suffered by any person by reason of the violation of any of the provisions of said law * * *."

[ 740 ]

This provision is not controlling in an action on the bond. The term "this section" in subsection (5) refers to § 13 of the Oregon Securities Law. Oregon Laws 1967, ch 537, § 13. Section 13 of the Oregon Securities Law is now ORS 59.115.

ORS 59.115(6) provides:

> "Any person having a right of action against a broker-dealer, or against a salesman acting within the course and scope or apparent course and scope of his authority, under this section shall have a right of action under the bond provided in ORS 59.175."

ORS 59.175 was § 18 of the Oregon Securities Law. ORS 59.175 does not contain a limitation comparable to the three-year limitation in ORS 59.115. An action on the bond under ORS 59.175 is subject to the general limitations of ORS ch 12 and is not subject to the three-year limitation restricted to actions under ORS 59.115.

In *Hartford Acc. and Ind. Co. v. Ankeny,* supra, the Oregon Supreme Court held:

> "The claim that an action brought under the provisions of OCLA, § 80-119 is the exclusive remedy against the bondsman is without merit. \* \* \*" 199 Or at 323.

Section 80-119, OCLA, was, like ORS 59.115, the cutting edge of the Oregon Securities Law. None of the statutory modifications since *Ankeny* affect the principle that a suit on the bond is a supplemental remedy to the extent of the bond. *See also,* Comment, *Express and Implied Civil Liability Provisions in State Blue Sky Laws,* 17 W Res L Rev 1173, 1191 (1966); 3 Loss, Securities Regulation 1661 (2d ed 1961).

(4) ORS 59.175(5) requires that a corporate surety bond, satisfactory to the commissioner and running to the State of Oregon in the sum of $10,000, be filed as a condition precedent to registration as a broker-dealer. Pacific Securities Company posted such a bond December 13, 1967, with Maryland Casualty Company as surety. The Maryland Casualty bond was canceled May 22, 1969, and a bond containing identical lan-

guage was posted on that date with United Pacific Insurance Company as surety. The second bond was canceled October 31, 1969.

The trial court determined that defaults causing damages in excess of the $10,000 limit were attributable to the period during which the Pacific Insurance bond was in effect and assessed damages at the limit of the bond less a claim for $1,850 previously settled by United Pacific and its indemnitor. The trial court also held that defaults causing damages in the amount of $4,473.04 were attributable to the period covered by the Maryland Casualty bond. The trial court treated the bonds as separate contracts for which separate liabilities were assessed. Defendants argue that the substitution of one blue sky bond for another does not increase the total aggregate liability of the bonds beyond $10,000.

Unlike most fidelity or statutory bonds construed in cases involving the issue of the cumulative liability of sureties for renewal or substitute bonds, the bonds in this case do not purport to limit the liability of the successive sureties. *See,* e.g., *Bradley v. Fidelity & Cas. Co. of N.Y.,* 141 Pa Super 85, 14 A2d 894 (1940); *Southern Surety Co. v. Equitable Surety Co.,* 84 Okla 23, 202 P 295 (1921); Annotation, *Extent of liability on fidelity bond renewed from year to year,* 7 ALR2d 946 (1949).

The bonds in this case are closely analogous to fidelity bonds. The general rules of construction applied to fidelity bonds are applicable in construing broker-dealer bonds.

Unless it appears that the parties intended otherwise, the renewal of a fidelity bond constitutes a separate and distinct contract so as to entitle recovery for the face amount of the bond for each policy period during which the defalcation occurred. 17 Couch on Insurance 2d, § 68:47 (1966). As no provision in the bond limits or aggregates liability under the bonds,

[ 742 ]

the trial court was correct in construing them as cumulative. *See also, Giese v. Engelhardt,* 175 NW2d 578 (ND 1970).

■ (5) Defendants next object to the admission of certain ledger cards maintained by Pacific Securities into evidence on the issue of damages. We find no abuse of discretion by the trial court in admitting this evidence under ORS 41.690. *Cascade Lbr. Terminal v. Cvitanovich,* 215 Or 111, 332 P2d 1061 (1958).

■ (6) Attorney fees were properly awarded. ORS 743.114.

Affirmed.

**FORT, J.,** dissenting.

I agree with the majority holding that the complaints state a cause of action under ORS 59.115(1)(a).

However, I do not agree with the majority holding that the three-year statute of limitations specified in ORS 59.115(5) does not apply to this suit. In my view, the court's opinion for all practical purposes emasculates the latter section of the statute.

The majority purports to rely upon the Supreme Court decision in *Hartford Acc. and Ind. Co. v. Ankeny,* 199 Or 310, 261 P2d 387 (1953). However, *Ankeny* is distinguishable from the case at bar both on its facts and due to a crucial subsequent change made by the Oregon legislature in the predecessor of ORS 59.115 in effect at the time *Ankeny* was decided.

At the time of *Ankeny,* the predecessor of ORS 59.115[1] made tender of the security to the seller by the purchaser a condition precedent to the cause of action

[1]The predecessor of ORS 59.115 in effect in 1951 provided:

"(1) Every sale made in violation of any of the provisions of this act shall be void, and the person, issuer or dealer making such sale and every director, officer or agent of or for such seller, if such director, officer or agent with knowledge of such violation shall have personally

granted by that statute. Under the facts in *Ankeny,* the injured parties were unable to make such tender, having been victims of fraud by criminal conversation and not having received their ordered securities. Thus that court went on to hold that there existed a cause of action on the bond *based upon fraud* separate from that granted by the predecessor of ORS 59.115. The court pointed out that the predecessor of ORS 59.115 was not the *exclusive* remedy, but was "an *additional* statutory remedy to *defrauded* purchasers * * *." 199 Or at 323 (emphasis supplied). It also held that the separate remedy on the bond available to defrauded purchasers was governed by the six- or possibly ten-year statute of limitations.

Here, however, there is no claim or proof of fraud, and, as stated, the current statute no longer makes tender a condition precedent. ORS 59.115(2)(b). The record in the instant case does not reveal whether the injured persons, none of whom are parties to this proceeding, were able to make tender, but such inability, even assuming it existed, no longer necessitates initiation of a separate cause of action on the bond. Thus I would refuse to extend *Ankeny* to a nonfraud case where as here a right of action under ORS 59.115[2] is available.

---

participated or aided in any way in making such sale shall be jointly and severally liable to such purchaser in an action at law in any court of competent jurisdiction upon tender of the securities sold or of the contract made for the full amount paid by such purchaser, with interest, together with all taxable court costs and reasonable attorney's fees. No action shall be brought for the recovery of the purchase price after three years from the date of such sale * * *.

"(2) Any person having a right of action against a dealer or salesmen under this section shall have a right of action under the bond provided in section 80-113.

"* * * * *." § 80-119, OCLA.

[2] ORS 59.115 provides:

"(1) Any person who:

"(a) Offers or sells a security in violation of the Oregon Securities Law or of any rule or order of the commissioner, or of any condition,

Accordingly, I would apply to the case at hand the three-year statute of limitations specified in ORS 59.115(5). The plaintiffs' action on the bond is derived from ORS 59.115. Furthermore, ORS 59.175,[3] relied upon by the majority, is silent as to any applicable statute of limitations. Thus it seems clear to me that

---

limitation or restriction imposed upon a registration under the Oregon Securities Law.

"* * * * *

"(5) No action or suit may be commenced under this section more than three years after the sale.

"(6) Any person having a right of action against a broker-dealer, or against a salesman acting within the course and scope or apparent course and scope of his authority, under this section shall have a right of action under the bond provided in ORS 59.175.

[3] ORS 59.175 provides:

"(1) A broker-dealer or investment adviser may register or renew a registration by filing an application. A salesman shall be registered or his registration renewed by the filing of such an application by the broker-dealer, investment adviser, issuer or owner of securities desiring to employ the salesman.

"(2) The application shall contain such information and exhibits as the commissioner may require upon forms furnished or approved by the commissioner and shall be accompanied with the fees required by subsection (7) of this section. The surety bond required by subsection (5) of this section shall be filed before registration is granted.

"(3) The commissioner may require an applicant for registration as a broker-dealer or investment adviser, including the applicant's partners, directors, officers or any person occupying a similar status or performing similar functions, and any person directly or indirectly controlling such applicant and a person for whom application for registration as a salesman is made, to pass an examination on such person's knowledge and understanding of the Oregon Securities Law and the securities business.

"(4) The commissioner may make such further examination of the applicant and its affairs as he deems advisable and may require by rule or order that the applicant publish an announcement of the application in such manner as the commissioner may specify.

"(5) Every applicant for registration as a broker-dealer or investment adviser shall file with the commissioner a corporate surety bond satisfactory to the commissioner running to the State of Oregon in the sum of $10,000.

"(6) If the application, surety bond and fees are in order and the commissioner is satisfied that the application should not be denied upon one or more of the grounds specified in ORS 59.205 to 59.225, the commissioner shall issue an order of registration or renewal.

"* * * * *."

[ 745 ]

the legislature intended ORS 59.115(5) to govern this case.

Because the latest violation by Pacific Securities Company occurred December 12, 1969, and each action was commenced on April 19, 1973, more than three years had passed, and each action is therefore barred.

Since I would conclude that although a cause of action was stated under ORS 59.115(1)(a), the actions were barred by the three-year statute of limitations as provided in ORS 59.115(5), I would not reach the other assignments of error and would reverse. Accordingly, I respectfully dissent.