# DEAN VINCENT, INC., *Appellant,*
*v.*
## KRIMM, *Respondent.*
### (No. A7608-10969, SC 25511)
591 P2d 740

Richard O. Thomas of Gaylord & Thomas, Portland, argued the cause and filed briefs for appellant.

Graham Walker, Portland, argued the cause for respondent. With him on the brief was Robert M. Mercer of Mercer, MacLaren, Talney & Crew, Portland.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

## HOLMAN, J.

Plaintiff brought an action to recover a real estate commission under the terms of a listing agreement. The agreement provided that if plaintiff produced a purchaser ready, able and willing to buy upon the terms in the listing, or if the owner during the period of a listing withdrew the authority to sell, plaintiff was entitled to its full 10 per cent commission. The case was tried to the court without a jury and plaintiff appealed from a judgment for defendant.

The listing agreement was signed on November 3, 1975, and granted an exclusive listing for a period of 180 days with a non-exclusive listing for an additional like period. During the latter part of April 1976 plaintiff presented defendant with an earnest money agreement signed by a proposed purchaser for the price for which the property was listed. Defendant refused to sell and withdrew the property from the market, the withdrawal being a violation of his agreement.[1]

It is not entirely clear whether plaintiff's claim to a commission is based upon his presentation of a purchaser who was ready, able and willing to buy in accordance with the terms of the listing. It is clear, however, that plaintiff contends it is entitled to a commission because defendant withdrew the authority to sell. If plaintiff contends it is entitled to recover because it produced a purchaser, there was sufficient evidence to justify the trial judge's finding that the tendered earnest money agreement was subject to several material changes from the terms of the listing. As a result, defendant was not responsible to plaintiff for a commission on that basis.

This case was tried and decided, apparently, upon the assumption that the provision for the payment of a

---

[1] Defendant contends that he was justified in his termination, but there was no evidence to sustain such a finding by the trier of the facts and the trial judge so found.

full commission, in the event the property owner withdrew authority to sell during the period of the listing, was a penalty and unenforceable unless *plaintiff* proved that the amount provided as liquidated damages was a reasonable attempt by the parties to forecast just compensation and that the harm caused by the breach was impossible or very difficult of accurate estimation. Therefore, plaintiff undertook either to prove that the liquidated damages were a reasonable forecast of just compensation or to prove actual damages and ignore the provision for liquidated damages entirely. Plaintiff did this by attempting to prove that the probabilities were it would have been successful in obtaining a purchaser who was ready, able and willing to purchase in accordance with the terms of the listing. The trial judge in his memorandum opinion to the parties stated:

"* * * There is, however, no evidence in the case that the prospective buyer would have bought the property on the terms listed, nor is there any evidence to show that plaintiff could have sold to anyone else, or evidence of a reasonable probability that it could have done so on the listed terms. Therefore, I conclude that plaintiff has failed to prove damages, and judgment must be for the defendant."

■ It is our conclusion that the quoted statement of the trial judge was justified by the evidence. The property listed was advertised by plaintiff for 27 weeks and the one earnest money agreement previously mentioned was the only offer presented. The trial judge could properly conclude the probabilities were that plaintiff would not have been successful in selling the property upon the terms listed had plaintiff's authority not been terminated.

Plaintiff now urges that it was not plaintiff's burden to prove that the liquidated damage provision was valid but that it was defendant's burden to prove that it was invalid; therefore, since defendant, rather than plaintiff, had the burden on this issue, he suffered the risk of non-persuasion. In *Dean Vincent,*

[442]

*Inc. v. McDonough,* 281 Or 239, 249, 574 P2d 1096 (1978), we held that in the absence of "adhesive"[2] circumstances the defendant should have the burden both to plead and prove that a provision for liquidated damages is invalid either because it did not represent a reasonable attempt to forecast just compensation for a breach or because the harm was capable of and not difficult of accurate estimation. The opinion does not make it entirely clear whether the change from previous law, which previous law put the burden of persuasion upon the plaintiff, was intended to be effective as of that decision or whether it was to be applied as of our previous decision in the case of *Layton Manufacturing v. Dulien Steel,* 277 Or 343, 560 P2d 1058 (1977), which was quoted and in which the subject was mentioned. *Layton Manufacturing* was decided February 25, 1977. This case was tried August 24-25, 1977. *Dean Vincent, Inc. v. McDonough-* was decided February 8, 1978.

Plaintiff claims the effective date of change from the old law to the new is the date of the decision in *Layton Manufacturing.* Assuming plaintiff is correct, it appears from the record before us, as previously mentioned, that the case was tried either as if plaintiff had the burden of proof that the provision for liquidated damages was valid or as if the provision for liquidated damages was being ignored and plaintiff was attempting to prove actual damages. Plaintiff says as follows in his reply brief:

"* * * Defendant * * * ignores the basic theory of Plaintiff's case and misunderstands the purpose for which the evidence of the offer by Mr. Dion [the one whose earnest money was tendered to defendant] was submitted. From the time of filing its original Complaint, throughout the trial and in its Brief, Plaintiff has consistently relied upon Defendant's wrongful conduct in withdrawing Plaintiff's authority to sell the restaurant as the gravamen of its claim. Accordingly, the purpose of proving the Dion offer to

---

[2] Because of the manner in which we dispose of this case, it is unnecessary to decide whether the listing was an adhesion contract.

purchase is simply to show that 'in all reasonable probability' Plaintiff would have found a buyer for the restaurant."

This statement further demonstrates either that plaintiff has assumed the burden of proof that the provision for liquidated damages was not a penalty or that he was not relying upon the liquidated damage provision at all and was attempting to prove actual damages in that he would have earned the commission because "in all reasonable probability" he would have found a buyer. No mention of liquidated damages or the burden to prove their validity or invalidity is found in the record prior to the briefs on appeal. The case was obviously being tried by the parties upon the basis of our opinion in *Wright v. Schutt Construction,* 262 Or 619, 500 P2d 1045 (1972), in which defendant had withdrawn authority to sell during the period of the listing. We there held that the provision for payment of a full 10 per cent commission upon the withdrawal of the authority to sell was a penalty because it was not a reasonable forecast in that case of just compensation for the harm caused by the breach. We did not decide the question of whose duty it was to prove the probability of subsequent sale or lack thereof because, as here, the plaintiff undertook to prove the provision was not a penalty.

■ With plaintiff's having assumed to try the case on the basis that it had the burden and with the trial judge's having decided the case on that basis, we apply the rule used in *Layton Manufacturing, supra,* in which we said:

"* * * As a practical matter, then, defendant assumed the burden of proof on this issue, and this assumption will not be disturbed on appeal. As the court noted in *Raiche v. Standard Oil Co.,* 137 F2d 446 (8th Cir 1943), 'Having elected to try her case in the trial court on the theory that the burden of proof was upon her, she can not on appeal seek reversal on a different or inconsistent theory.' *See also Jensvold v. Chicago, Great Western R. Co.,* 236 Iowa 708, 18 NW2d 616, 619 (1945). * * * ." 277 Or at 349.

[444]

■  Plaintiff also appeals the allowance of attorney fees to defendant. The listing agreement had a provision for attorney fees for plaintiff in case enforcement of the listing contract was successful. The trial judge, having ruled for defendant, awarded attorney fees to defendant under the provisions of ORS 20.096(1).[3] Plaintiff contends it is entitled to nominal damages and attorney fees, because of defendant's breach of his contract, as were awarded to the plaintiff in *Wright v. Schutt Construction, supra.*

In *Wright* the plaintiff was awarded one dollar nominal damages and attorney fees. The defendant attempted to challenge the award by cross-appeal. Because the defendant had made no objection to the award of fees either at the time of trial or by subsequent objection or motion, we declined to consider the question. The trial court did not see fit to award nominal damages in this case and, we think, properly so. Plaintiff suffered no injury as a result of defendant's breach and it therefore has no cause of action. There is no basis for nominal damages or attorney fees.

The judgment of the trial court is affirmed.

---

[3]  ORS 20.096(1) "In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."