Argued August 22, reversed and remanded October 22, 1979

FICK, et al,
*Plaintiffs,*

PROGRESSIVE CASUALTY INSURANCE CO.,
*Appellant,*
*v.*
DAIRYLAND INSURANCE COMPANY,
*Respondent.*

(No. A7706-09238, CA 12194)

601 P2d 868

Blaine G. Gibson, Portland, argued the cause for appellant. With him on the brief was Fellows, McCarthy, Zikes & Kayser, P.C., Portland.

Charles Harms, Portland, argued the cause for respondent. With him on the brief was Buss, Leichner & Barker, P.C., Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

This was an action on an automobile liability insurance policy. Plaintiff insurance company appeals from a judgment denying it attorney fees.

Howard Fick was injured in an automobile collision by the negligent driving of Laura Hay, who was insured under her parents' policy issued by Dairyland Insurance Company. Fick sued Hay and her parents and obtained a judgment for $3,750 and costs. Dairyland refused to pay any part of that judgment. Fick meanwhile was compensated by his insurer Progressive Insurance Company in the amount of the judgment, presumably under the uninsured motorist coverage. Hay paid $800 on the judgment to Progressive as Fick's subrogee. Except for that amount she assigned all her rights and interest under the Dairyland policy to both Fick and Progressive, in exchange for a covenant not to execute against her on the judgment.[1] Progressive, Fick and Hay then commenced the present action against Dairyland to recover the full amount of the judgment. The trial court found for plaintiffs on the ground that Hay was covered by the Dairyland policy, but it awarded attorney fees in the amount of $300 only to Hay, the insured.

The sole issue raised in this appeal is whether Progressive is entitled to recover attorney fees from defendant pursuant to ORS 743.114.[2]

*Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 452,

---

[1] No issue is raised about this apparent bifurcation of her cause of action. *Groce v. Fidelity General Insurance*, 252 Or 296, 305, 448 P2d 554 (1969); *Wood et ux v. Baker et ux*, 217 Or 279, 284, 341 P2d 134 (1959).

[2] ORS 743.114:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

502 P2d 1378 (1972), describes the policy objective of ORS 743.114:

> "The purpose of ORS 743.114 allowing recovery of attorney fees by claimants under insurance policies is to encourage the settlement of such claims without litigation and to reimburse successful plaintiffs reasonably for moneys expended for attorney fees in suits to enforce insurance contracts. *See Travelers Insurance Company v. Davis*, 411 F2d 244, 247 (5th Cir 1969)."

The Supreme Court has held that the rights of the parties in an action on an insurance policy are contractual and hence assignable, and that pursuant to the forerunner of ORS 743.114,[3] attorney fees may properly be awarded to assignees of those rights. *Groce v. Fidelity General Insurance, supra*, note 1, at 312. Plaintiff here, as an assignee of the insured's rights under the insurance policy, prevailed in an action on the policy against defendant insurance company and should therefore be entitled to attorney fees under the holding of *Groce*.

*Groce* notwithstanding, defendant asserts that the statute was never intended to allow an award of attorney fees to an insurance company acting as a subrogee. *See Gen. Acc. F. & L. Assur. Corp. v. Continental Casualty Co.*, 287 F2d 464, 468-69 (9th Cir 1961). In this case, though, plaintiff is not acting as a subrogee of its own insured, Fick, but rather as co-assignee with Fick of the insured's rights under the Dairyland policy. Although plaintiff could have proceeded as a subrogee under ORS 743.783,[4] without the possibility of

---

[3] Former ORS 736.325.

[4] ORS 743.783:

"A policy of insurance against loss or damage resulting from accident to or injury suffered by an employe or other person and for which the person insured is liable, or against loss or damage to property caused by horses or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall contain within such policy a provision substan-

attorney fees, the election to base its cause of action on the assignment was plaintiff's right.

Defendant argues that because plaintiff is an insurance company rather than an insured, attorney fees are inappropriate. Despite the suggestion prior to *Groce* that the reference to settlement in the statute "appears to contemplate a controversy directly between an insured and his insurer,"[5] there is nothing compelling in the words of the statute itself that limits recovery of attorney fees to the insured or injured party or that excludes insurance companies from being entitled to the benefit of the public policy.[6]

■ Defendant attempts to limit *Groce* to its facts by noting that the bad faith refusal present in *Groce* is lacking here. *See Kricar, Inc. v. Gen. Acc. F. & L. Assur. Corp. Ltd., supra,* n 6. In *Groce,* judgment creditors of the insured obtained an assignment of insured's rights under his policy and prevailed in a lawsuit against the insurer for failure to settle in good faith within the policy limits. Bad faith was a necessary element of the cause of action for refusal to settle

___

tially as follows: 'Bankruptcy or insolvency of the insured shall not relieve the insurer of any of its obligations hereunder. If any person or his legal representative shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the insurer to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto.' "

[5] *Gen. Acc. F. & L. Assur. Corp., supra* at 468-69.

[6] In *State ex rel Healy v. Maryland Casualty Co.,* 27 Or App 735, 737, 557 P2d 258 (1976), attorney fees were held to be proper under ORS 743.114 in an action brought by the Insurance Commissioner, not the insureds, to recover on "blue sky" bonds "for the use and benefit of all interested persons." In *Groce* the plaintiffs were not the insured parties, although they were the injured parties. The legislature expressed no intent to exclude liability insurance policies from the statute. *But cf. Kricar, Inc. v. Gen. Acc. F. & L. Assur. Corp. Ltd.,* 542 F2d 1135 (9th Cir 1976), for the facile and unsupported (and incredible) proposition that only injured parties can recover as assignees under ORS 743.114.

in that instance, but absence of bad faith would not affect the rationale of *Groce* concerning attorney fees. In *Heis v. Allstate Insurance Co.*, 248 Or 636, 643-44, 436 P2d 550 (1968), the statute was understood to come into play when the insurer merely "relies upon a mistaken theory of its legal liability." Bad faith on the part of the insurer is not necessary for recovery of attorney fees under ORS 743.114 by the assignees of an insured's rights.

■ The decision of this case is not affected by the fact that the insured was a party to this action and recovered an attorney fee for her portion of the judgment. It might appear that the insured was made whole by her recovery and her claim against Dairyland was therefore extinguished. Although an assignee is not entitled to more than that to which the assignor would have been entitled,[7] *Groce, supra,* note 1 at 312, makes it clear that the remedial nature of the statute extends beyond the insured, for "[i]f attorney fees were not allowed, the insured, or his assignees, would not be made whole." The same counsel represented all plaintiffs in this case, and the amount of attorney fees to be allowed ought to be no more than if the insured alone had pursued the claim. The amount awarded on remand to Progressive should reflect its share of the assignment and the fee already allowed to the insured.

Reversed and remanded.

---

[7] *Weyerhaeuser Co. v. First Nat. Bank*, 150 Or 172, 197-98, 38 P2d 48, *aff'd* 43 P2d 1078 (1935).