Argued and submitted November 4, 1985, reversed and remanded April 9, 1986

## OLSON,
### dba Tree Line Transportation,
*Appellant,*

*v.*

## COATS et al,
*Respondents.*

(82-852-1; CA A34307)

717 P2d 176

Ralph C. Spooner, Salem, argued the cause for appellant. With him on the briefs were James A. Wickwire, Salem, and Spooner & Much, P.C., Salem.

Robert L. Cowling, Medford, argued the cause for respondents. With him on the brief was H. Scott Plouse, Medford.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This case involves a collision between two trucks. Plaintiff appeals from a judgment entered after a jury verdict finding him 70 percent and defendants 30 percent negligent. The dispositive issues are whether testimony stating a legal conclusion was admissible at trial and whether the trial court erred in taking a question of fact from the jury. We reverse and remand for a new trial.

The collision occurred in 1982 on Highway 97. Plaintiff's employe was driving a company truck and trailer north on a portion of highway that was, at the time, being repaired by defendant Deschutes Redi-Mix Sand and Gravel Company (Deschutes). Deschutes was working under contract for the State of Oregon. The highway was two lanes in the construction area.

Fisher, Deschutes' employe, was backing a truck into an area off the northbound lane of Highway 97. At the time, traffic in the southbound lane was stopped by a flagger; a "slow" sign was shown to northbound traffic. Fisher did not back his truck properly. He drove forward to the center line of highway 97, where he received a frantic signal from the flagger to stop. Fisher then looked south. He saw plaintiff's truck coming toward him, but was unable to get his truck in reverse gear to get out of the way. Plaintiff's employe was unable to stop, and the trucks collided.

Plaintiff contends that the trial court erred in allowing defendant R. L. Coats to answer a question that plaintiff argues called for a legal conclusion. On direct examination, defense counsel asked Coats, "[A]nd did the signs that you had up [at the construction site] comply with whatever the requirements were?" Over plaintiff's objection, the court allowed Coats to testify that the signs met the requirements. That was error.

■ ■ A witness may not testify regarding a legal conclusion. *Patterson et ux v. Howe,* 102 Or 275, 285, 202 P 225 (1921). To answer the question, Coats had to draw a mixed legal and factual conclusion as to whether the signs complied with statutory requirements.[1] Such a question may not be

---

[1] The precise meaning of Coats' testimony is unclear. We give it the meaning that the parties give it.

asked. Rather, the trial court should instruct the jury as to the law; the jury should determine the facts from the evidence and draw its own conclusion. *See* 7 Wigmore, *Evidence* § 1952 (Chadbourne rev 1978). The trial court erred in allowing Coats to answer the question.

■    Plaintiff next contends that the trial court erred in instructing the jury, under *former* ORS 487.045, that the statutory rules of the road did not apply to defendants. The jury was instructed:

> "The statutory provisions I have read to you [regarding the rules of the road] do not apply to persons, motor vehicles and other equipment of the Contractor Coats and Coats doing business as Deschutes Redi-Mix Sand and Gravel Company within the construction project."

Plaintiff argues that defendants were not entitled to that instruction, because there was no evidence that defendants had complied with the signing requirements of *former* ORS 487.045. We conclude that the instruction was error.

*Former* ORS 487.045[2] provided:

> "Unless otherwise specifically provided, the provisions of chapter 451, Oregon Laws 1975, except those relating to a serious traffic offense, do not apply to persons, motor vehicles and other equipment employed by the United States, this state, any county, city, district or other political subdivision or a public utility while on a highway and working or being used to service, construct, maintain or repair the facilities of the utility, or to persons, motor vehicles and other equipment while operated within the immediate construction project, as described in the governmental agency contract if there is a contract, in the construction or reconstruction of a street or highway when the work is being done in an area that is signed in accordance with the manual adopted under the provisions of ORS 487.853, but shall apply to such persons and vehicles when traveling to or from such facilities or construction project."

In order to fall within the scope of that provision, defendants must have shown, *inter alia,* that the highway construction was "being done in an area that was signed in accordance with

---

[2] *Repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* Or Laws 1983, ch 338, § 5 (*now* ORS 801.025); as *amended by* Or Laws 1985, ch 16, § 5, effective January 1, 1986. Or Laws 1983, ch 338, § 981.

the manual adopted under the provisions of [*former*] ORS 487.853,"[3] which provided:

"The Oregon Transportation Commission shall adopt a manual and specifications of uniform standards for traffic control devices consistent with the provisions of this chapter and ORS chapter 483 for use upon highways within this state."

The only direct evidence that defendants offered on the question was Coats' testimony that we have already held was inadmissible.[4] Coats also gave evidence from which the jury might have inferred that the statutory signing requirements had been met.[5] However, because the jury instruction assumed, as a fact, that the signing requirements had been satisfied, it was error to give the instruction. The evidence on the issue was in conflict, and it was a question of fact for the jury to determine whether the signing requirements had been met. *See Marchant v. Clark,* 225 Or 273, 276-77, 357 P2d 541 (1960); *Marquess v. Taylor et al,* 214 Or 619, 622-23, 331 P2d 879 (1958).

■    Defendants argue that plaintiff did not introduce evidence showing that defendants had *not* complied with the signing requirements. Thus, defendants argue that they have met their burden of proof. We disagree. A jury instruction may not assume the existence of any controverted fact. *See Brooks v. Bergholm,* 256 Or 1, 8-9, 470 P2d 154 (1970). Although plaintiff did not offer any direct evidence of defendants' non-compliance, plaintiff's cross-examination of Coats put in issue whether he even knew what the signing requirements were.

■    We next determine whether these errors prejudiced a substantial right of plaintiff. OEC 103(1) provides in relevant part:

---

[3] *Repealed by* Or Laws 1983, ch 338 § 978 and *replaced by* Or Laws 1983, ch 338 § 164 (*now* ORS 810.200); as *amended by* Or Laws 1985, ch 16 § 53, effective January 1, 1986. Or Laws 1983, ch 338 § 981.

[4] At oral argument, defendants contended that a stipulation entered into with plaintiff at trial was sufficient evidence to show that the signing requirements of ORS 487.853 were satisfied. We disagree. That stipulation concerned an offer of proof by plaintiff out of the presence of the jury.

[5] Coats testified that Deschutes met with state inspectors before starting the project to discuss traffic control. Coats also testified that, during the project, the job was inspected regularly by state inspectors and that, after the accident, the Highway Department concluded that Deschutes was using the best traffic plan.

> "Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

The applicability of *former* ORS 487.045 was determinative of what duties defendants owed plaintiff. Yet, as we have already held, incompetent evidence was admitted concerning the signing requirements of *former* ORS 487.045. The admission of the incompetent evidence and the improper jury instruction on the issue, may have determined the result in the case. We conclude that the errors prejudiced a substantial right of plaintiff.

■　We consider only plaintiff's other assignments of error which involve issues that may arise on retrial. Plaintiff contends that the trial court erred in striking his allegation that defendants were negligent in failing to yield the right-of-way as required by *former* ORS 487.265 and in refusing to give a jury instruction based on that allegation. *Former* ORS 487.265[6] provided in pertinent part:

> "Except where the movement of traffic is otherwise directed by an official traffic control device, a driver who is about to enter or cross a roadway from any private road or driveway, alley or place other than another roadway shall yield the right of way to any vehicle approaching on the roadway to be entered or crossed so closely as to constitute an immediate hazard."

There was evidence entitling plaintiff to a right-of-way instruction. It was for the jury to determine whether the signing requirements of *former* ORS 487.853 had been satisfied. If they had been, defendant was not required to yield the right-of-way. The trial court erred in striking the allegation and in refusing to give a jury instruction based on it.

Reversed and remanded.

---

[6] *Repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* Or Laws 1983, ch 338, § 612 (*now* ORS 811.280), effective January 1, 1986. Or Laws 1983, ch 338, § 981.