Argued and submitted September 11, 1989, affirmed March 21, 1990

# MARTIN,
### *Appellant,*

*v.*

# PACIFIC HOSPITAL ASSOCIATION,
### *Respondent.*

## (16-87-07407; CA A50400)

788 P2d 1029

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

Brian Stine, Eugene, argued the cause for respondent. With him on the brief were Richard Butler and Atherly, Butler & Burgott, Eugene.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

## NEWMAN, J.

Plaintiff appeals from a summary judgment for defendant Pacific Hospital Association (PHA) that dismissed her declaratory judgment action in which she sought to set aside an individual health insurance policy containing an endorsement against coverage for diseases of the breast and to enforce an earlier policy that did not have that limitation.[1] In her complaint she also asked that PHA reimburse her under that earlier policy for medical, surgical and hospital costs associated with her breast cancer. The court granted PHA's motion for summary judgment. We affirm.

These are the undisputed facts. Plaintiff applied for an individual health insurance policy with PHA. On the application form, dated April 19, 1985, she answered "no" to these questions:

"2. During the past five (5) years, have you or any of your dependents consulted a physician or other practitioner or been treated in any hospital, sanitarium or similar institution for other than routine checkups?

"* * * * *

"6. Have you or any of your dependents had any illness, condition or irregular symptoms that are not listed above?"

The application provided:

"I declare that all the information contained on this application is true and correct, and I understand that if this application should contain any material or fraudulent misstatements or omissions, PHA may either rescind the policy or modify it retroactively to exclude benefits for the conditions not reported and any related conditions."

In larger print following that paragraph was this warning:

"IMPORTANT — Your policy could be modified or CANCELED for any pre-existing health conditions not listed above."

Coverage began on May 1. In September, 1985, plaintiff submitted a claim to PHA for a medical examination that resulted in a diagnosis of chronic cystic breasts. In connection with that diagnosis, PHA obtained a report from Dr. Bascom,

---

[1] Plaintiff originally asked for reformation of the policy but withdrew that claim in the reply brief.

dated May 17, 1985. His report stated that he had seen plaintiff eight times beginning in July, 1983, for the purpose of observing a breast nodule. The nodule had disappeared by the time of the report, but her breasts remained lumpy. The undisputed medical facts show no evidence of cancer in 1985, when the cancellation occurred. In a letter dated July 8, 1988, and submitted with plaintiff's affidavit in opposition to defendant's motion for summary judgment, Bascom stated:

> "In my judgment the nodule which I found on July 5, 1983 and the carcinoma which biopsied on January 19, 1987 are not related. * * * Fibrocystic disease is not a precancerous condition."

On November 4, 1985, PHA canceled plaintiff's health insurance policy and refunded the full premium. PHA stated that it was canceling the policy because plaintiff had failed to disclose on her application all of the information about the condition diagnosed in September. Plaintiff liked her doctors, who were affiliated with PHA, and sought to have the policy reinstated. She met with a PHA representative, who helped her fill out a new and more detailed application, which asked about a number of specific conditions. Plaintiff answered the questions about cysts and fibrocystic breasts on that application in the affirmative. The PHA representative told plaintiff that the new policy would require an endorsement waiving coverage for breast disease. Plaintiff replied that she did not care, because she did not need that coverage anyway. She signed the application.

PHA issued plaintiff a policy with an endorsement that excluded coverage for "diseases of the breast" and recited:

> "Please read this Waiver Endorsement carefully. This restriction on benefits is necessary because of your health history, and without it, P.H.A. would not have issued this policy. If you accept the Policy with the waiver please sign in the space labeled 'accepted by' and RETURN one (1) signed copy of the waiver to P.H.A. WITHIN TEN (10) DAYS."

Plaintiff signed and returned the endorsement, and the policy became effective on December 1, 1985. She was diagnosed as having breast cancer in January, 1987, and underwent a series of medical treatments for which she now seeks reimbursement from PHA under the canceled policy.

According to plaintiff, the court erred in granting PHA's motion, because there are genuine issues of material fact: whether her answers on the original policy application were incorrect; whether cancer was encompassed within the endorsement as a disease of the breast; whether her cancer claim originated before the effective date of cancellation; whether her failure to disclose the 1983 breast nodule and lumps was material to the acceptance of the risk of subsequent development of cancer; and whether PHA's standard policies and practices "required" cancellation of the original policy, refusal of coverage or the endorsement. Plaintiff also argues that PHA was not entitled to summary judgment as a matter of law, because PHA's "unilateral rescission" of the original policy and subsequent requirement that plaintiff sign the waiver endorsement were unlawful under *former* ORS 743.042(1). Plaintiff also suggests, but does not develop the argument, that her acceptance of the new policy with the endorsement in place of the earlier policy was involuntary.

■       The party moving for summary judgment must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). We view the record on summary judgment in the light most favorable to the party opposing the motion. *Seeborg v. General Motors Corporation, supra,* 284 Or at 699. Even so, there are no genuine issues of material fact here. There is no factual issue as to whether plaintiff's answers on the original application were incorrect. The questions asked for information that plaintiff did not give. Contrary to plaintiff's assertions, the questions are not ambiguous. There is also no factual issue pertinent to plaintiff's claim under the earlier policy as to whether the term "diseases of the breast" in the endorsement to the present policy includes breast cancer. Neither is there a factual issue whether plaintiff's claim for cancer originated before the cancellation date of the earlier policy.[2] The issue is not when the cancer originated but when the claim against the insurance

---

[2] The insurer may cancel a health insurance policy under certain conditions, but "[c]ancellation shall be without prejudice to any claim originating prior to the effective date of cancellation." ORS 743.471.

company originated. The claim originated after the cancer was first diagnosed, in January, 1987.

■ Moreover, contrary to plaintiff's assertion, it is *not* an issue of material fact whether her failure to disclose her breast condition was material to PHA's acceptance of the risk of subsequent cancer. The affidavit of PHA's executive vice president states that the presence of breast lumps or nodules is material to its acceptance of an insurance risk and that its standard policy is to require an endorsement similar to the one attached to plaintiff's second policy if an applicant has a pre-existing condition of breast lumps or nodules. What *is* material *and* is undisputed is that the existence of a condition of lumps or nodules was pertinent to PHA's evaluation of the risk of insuring plaintiff against diseases of the breast. The relationship between plaintiff's cancer and her preexisting breast condition, however, was not material to PHA's decision whether to insure.

Furthermore, there is no issue of material *fact* as to whether PHA's standard policies and practices *required* it to cancel the original policy and reissue it with the endorsement. The issue, and it is one of law, is whether the parties' contract *allowed* the insurance company to cancel. The application that plaintiff signed, and which was part of the insurance contract, *see* ORS 743.045(1), provided that the policy could be canceled if plaintiff omitted any material preexisting health condition from her application. Plaintiff failed to list her breast condition. Under the policy, PHA could cancel it.

Finally, there is no genuine issue of material fact whether plaintiff's acceptance of the new policy was voluntary. It was not a "take it or leave it" situation in the circumstances. It is undisputed that she did not try to find another carrier, that she liked her doctors and that she was willing to accept the waiver provision to reinstate her coverage with PHA.

Plaintiff argues that, as a matter of law, *former* ORS 743.042(1) precludes the grant of summary judgment for PHA.[3] The argument is without merit. The affidavit of PHA's

---

[3] *Former* ORS 743.042(1) provided:

"All statements and descriptions in any application for an insurance policy by * * * the insured, shall be deemed to be representations and not warranties. Mis-

executive vice president states that the omitted condition was material to the acceptance of the risk. PHA, therefore, relied on the accuracy of plaintiff's information in issuing the earlier policy. Had plaintiff disclosed the omitted information, PHA would have issued the policy only with the endorsement.

Accordingly, there were no genuine issues of material fact. The court did not err when it granted summary judgment.

Affirmed.

---

representations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy unless the misrepresentations, omissions, concealments of fact and incorrect statements:

"(a) Are contained in a written application for the insurance policy, and a copy of the application is indorsed upon or attached to the insurance policy when issued;

"(b) Are shown by the insurer to be material, and the insurer also shows reliance thereon; and

"(c) Are either:

"(A) Fraudulent; or

"(B) Material either to the acceptance of the risk or to the hazard assumed by the insurer."