Argued and submitted December 13, 1994, affirmed March 8, petition for review denied June 13, 1995 (321 Or 268)

Charles Rod RICCIARDI,
*Plaintiff - Counterclaim Defendant,*

*v.*

Bob FRINK
and Bob Frink Management, Inc.,
a California corporation,
*Defendants - Counterclaim Plaintiffs,*
*and*

Doris FRINK
and Medford Nissan, Inc.,
an Oregon corporation,
*Defendants.*

Bob FRINK
and Bob Frink Management, Inc.,
a California corporation,
*Third-Party Plaintiffs - Appellants,*

*v.*

Lamar LOE,
*Third-Party Defendant - Respondent,*
*and*

Richard RICARDY,
*Third-Party Defendant.*

(91-9-345; CA A82340)

891 P2d 1336

Barbee B. Lyon argued the cause for appellants. With him on the briefs were Jeanne M. Chamberlain and Tonkon, Torp, Galen, Marmaduke & Booth.

Richard S. Yugler argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff Bob Frink Management, Inc., appeals from a Supplemental Judgment awarding defendant Lamar Loe[1] attorney fees following dismissal of Frink's breach of contract and "breach of note" actions on grounds of "improper venue." In particular, plaintiff asserts that the trial court erred in awarding defendant fees under a contractual prevailing party provision where: (1) defendant obtained dismissal of the action by invoking an exclusive forum clause in the operative contract; but (2) defendant never expressly affirmed, by pleadings or otherwise, that he was a party to that contract. We affirm.

Plaintiff sued defendant in Clackamas County Circuit Court for breach of a loan agreement and for nonpayment on a related note. Plaintiff pleaded that it was entitled to prevailing party attorney fees under both the loan agreement and the note. Paragraphs 7 and 8 of the loan agreement provide:

"All of the parties hereto agree to stipulate that in the event of litigation based upon this Agreement or the Promissory Note referred to herein jurisdiction shall be granted to the Courts of the State of California.

"Should any party hereto institute any action or proceeding in Court to enforce or interpret any provision hereof or for damages by reason of an alleged breach of any provision of this Agreement, the prevailing party shall be entitled to recover from the losing party or parties such amount as the Court may adjudge to be reasonable attorneys' fees for services rendered to the prevailing party in such action or proceeding."

The note simply states, "If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees."

Defendant did not answer, but, instead, moved to dismiss those claims, arguing that the loan agreement included an exclusive forum selection clause that specified

---

[1] Frink was a defendant and third-party plaintiff in the circuit court proceedings. Loe was a third-party defendant in those proceedings. However, the only issues presented on this appeal pertain to the third-party claims. Consequently, for ease of reference, this opinion refers to those parties as plaintiff and defendant, respectively.

that "the sole venue for any litigation under this Agreement shall be the Superior Court of California." The court dismissed plaintiff's claim for breach of the loan agreement on that ground, without adjudicating the merits of the underlying contract dispute. The court also dismissed the breach of promissory note claim because the claim failed to plead personal jurisdiction over defendant. However, the court granted plaintiff leave to replead the jurisdictional basis for the claim.

On May 7, 1993, the court entered a judgment pursuant to ORCP 67B dismissing the loan agreement claim, and plaintiff timely appealed that judgment. After the entry of the ORCP 67B judgment, defendant timely filed a petition for attorney fees pursuant to ORCP 68C(5), claiming an entitlement to fees based on plaintiff's pleading of the loan agreement, which included an express provision for prevailing party attorney fees, and ORS 20.096. The trial court deferred consideration of that request.

Defendant subsequently moved for summary judgment against the repleaded claim for nonpayment on the note, reiterating his argument that litigation under the note was subject to the loan agreement's exclusive forum provision. The court granted that motion on August 31, 1993, and plaintiff did not appeal from the ensuing judgment. Again, defendant timely petitioned for attorney fees, reiterating its previous arguments.

On October 19, 1993, the State Court Administrator notified plaintiff that its appeal from the May 7, 1993, ORCP 67B judgment was at risk of being dismissed for want of prosecution. On October 20, plaintiff moved to dismiss that appeal voluntarily, and, on October 25, the court dismissed the appeal from the May judgment.

On the same day, October 25, 1993, the trial court issued its letter ruling that defendant was entitled to recover attorney fees. The court rejected defendant's arguments that he was entitled to fees as sanctions under ORCP 17C or ORS 20.105(1), but found, instead, that defendant was "entitled to attorney's fees as the prevailing party on the breach of contract claim and on the promissory note claim." The court further noted specifically "that the dismissal of these claims

was based on the exclusive forum clause, and thus does not finally determine the merits of the underlying claims." Thereafter, on November 19, 1993, the court entered its Supplemental Money Judgment awarding defendant fees, and plaintiff appealed from that judgment within 30 days.

■      Before addressing the merits of plaintiff's appeal, we must address defendant's argument that we lack jurisdiction because plaintiff failed to comply with ORS 19.033(1). That subsection provides, in part:

> "If the trial court allows and taxes attorney fees, costs and disbursements or expenses after the notice of appeal has been served and filed, any necessary *modification of the appeal* shall be pursuant to rules of the appellate court." (Emphasis supplied.)

In particular, defendant argues that, under the version of ORAP 2.20(1) in effect at the time of defendant's appeal from the attorney fee award, plaintiff was required to file an amended notice of appeal within 30 days of entry of the trial court's "statement" awarding defendant attorney fees. That rule, which has since been amended, provided:

> "If the trial court awards attorney fees or costs and disbursements after the notice of appeal has been filed, and if *the appellant intends to challenge the award or any part* thereof on appeal, the appellant, within 30 days of the entry of the trial court's statement pursuant to ORCP 68C(4)(d), shall serve and file an amended notice of appeal from the award or some specified part thereof."[2]

Defendant contends that, because plaintiff was "required to and failed to file an *amended* notice of appeal from the *modified* judgment that was previously appealed," we do not have jurisdiction over this appeal. (Emphasis in original.) We disagree.

---

[2] The reference to ORCP 68C(4)(d) in the previous version of ORAP 2.20(1) became a *non sequitur* after 1990, when ORCP 68 was extensively amended. Thereafter, the relevant provision was ORCP 68C(5)(b), and not ORCP 68C(4)(d). The current version of ORAP 2.20(1), effective January 1, 1994, provides:

> "If the trial court enters a supplemental judgment awarding attorney fees or costs and disbursements under ORCP 68C(5)(b) after the notice of appeal has been filed, and if the appellant intends to challenge the supplemental judgment on appeal, the appellant, within 30 days of the entry of the supplemental judgment, shall serve and file an amended notice of appeal from the supplemental judgment."

■ ORS 19.033(1) addresses the process for appealing a supplemental judgment for attorney fees that is entered after an appeal from a judgment on the merits has been filed. The statute's reference to "modification of the appeal" and the reference in ORAP 2.20(1) to an "*amended* notice of appeal" necessarily presume that an appeal is pending; consequently they do not pertain to the circumstance where the appeal on the merits has been dismissed. *Accord* ORS 20.220(2).[3] Here, the supplemental judgment awarding defendant attorney fees was not entered until *after* plaintiff dismissed its original appeal. Thus, plaintiff was, as a practical matter, in the same position as a party who never appealed the "merits" judgment—there was no pending appeal to "modify" and, hence, no extant notice of appeal to amend. *See Marquez v. Meyers*, 96 Or App 214, 772 P2d 437 (1989) (order allowing attorney fees was appealable under ORS 19.010(2)(c) notwithstanding appellant's failure to appeal merits judgment, which was entered more than eight months earlier). Accordingly, ORAP 2.20(1) is inapposite.[4]

■■ We now turn to the merits of plaintiff's appeal: Was defendant entitled to contractually-based attorney fees when he did not affirm the enforceability of the underlying contract and when that contract's enforceability was not adjudicated? We review defendant's entitlement to recover attorney fees as a question of law. ORS 20.220;[5] *Selective Services, Inc. v. AAA Liquidating*, 126 Or App 74, 77, 867 P2d 545 (1994).

Plaintiff argues that the award of fees in this case is improper for three reasons. First, defendant failed to affirmatively plead the validity of the contract on which he sought to

---

[3] ORS 20.220(2) provides:

"If an appeal is taken from a judgment under ORS 19.010 before the trial court enters a judgment under ORCP 68C(4), any necessary *modification of the appeal* shall be pursuant to rules of the appellate court." (Emphasis supplied.)

[4] Indeed, if defendant were correct, parties in plaintiff's position who wished to abandon appeals on the merits would be forced to maintain such appeals as a sort of foot in the door jurisdictional hedge against the possibility that they might need to appeal from as-yet-unentered attorney fee awards. ORS 19.033(1) and ORAP 2.20(1) do not compel such contortions.

[5] ORS 20.220(1) provides, in part:

"An appeal may be taken from a judgment under ORCP 68C(4) allowing or denying attorney fees or costs and disbursements on questions of law only, as in other cases."

recover fees. Second, defendant cannot rely solely on ORS 20.096(1) to recover attorney fees. Third, precedent precludes defendant's recovery of attorney fees. *See, e.g., Bodenhamer v. Patterson*, 278 Or 367, 563 P2d 1212 (1977); *Pickinpaugh v. Morton*, 268 Or 9, 519 P2d 91 (1974); *John Deere Co. v. Epstein*, 91 Or App 195, 755 P2d 711 (1988), *aff'd* 307 Or 348, 769 P2d 766 (1989). Plaintiff's overriding concern is that it is "deeply anomalous" to award attorney fees to defendant based on a contract that he refuses to affirm. As amplified below, we hold that defendant is entitled to an award of attorney fees.

Plaintiff first argues that ORCP 68C(2)(a) and (b)[6] required defendant to affirmatively plead the validity of the contract on which he based his entitlement to fees. Accordingly, plaintiff contends that defendant's statements for attorney fees were insufficient, because they omitted an essential element of the asserted entitlement—that the loan agreement and promissory note are valid and enforceable. We disagree.

In his requests for attorney fees, defendant asserted that he was entitled to recover fees based on the loan agreement because

> "a term of the contract pled by [plaintiff] included an express provision for attorney's fees for the prevailing party and ORS 20.096 and ORS 20.097 permit recovery of attorney's fees under such circumstances"

and on the note because

> "a term of the promissory note pled by [plaintiff] included an express provision for attorney's fees for the prevailing party, [defendant] is the prevailing party, ORS 20.096 and ORS 20.097 permit recovery of attorney's fees under such circumstances, prior notice that [defendant] would be seeking attorney fees was pled pursuant to [defendant's] prior petition for

---

[6] ORCP 68C(2) provides, in part:

"(a) A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded, unless a right to recover such fee is alleged as provided in this subsection.

"(b) If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading."

attorney's fees filed with respect to the breach of contract (third counterclaim), and the motion papers of [defendant] notified [plaintiff] that [defendant] was seeking his reasonable attorney's fees upon entry of summary judgment in his favor."[7]

Those assertions were sufficient. Contrary to plaintiff's argument, we do not require a party seeking attorney fees on the basis of a contractual provision to specifically allege that the contract is valid and enforceable. *See Attaway, Inc. v. Saffer,* 95 Or App 481, 770 P2d 596, *rev dismissed* 308 Or 184 (1989).

In *Attaway*, the plaintiff filed an action against the defendant for breach of an employment contract. The plaintiff pleaded an entitlement to attorney fees, alleging that the employment agreement provided for an award of fees " 'to the prevailing party * * * in the event of any litigation between the parties[.]' " 95 Or App at 484. After the defendant successfully moved for a change of venue, the plaintiff filed a notice of voluntary dismissal pursuant to ORCP 54A. The defendant objected to the dismissal, counterclaimed for rescission, and requested attorney fees, alleging that he was entitled to fees because " 'the dismissal of plaintiff's complaint makes [defendant] the prevailing party' " and because fees should be awarded as a sanction. 95 Or App at 484. In seeking fees, the defendant did *not* refer to the prevailing party fee provision of the employment contract, much less expressly affirm that contract. The trial court dismissed the action and awarded the defendant prevailing party attorney fees.[8] In so doing, the court relied on both "ORCP 54A(3) *and*

---

[7] ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

ORS 20.097(1) provides:

"In any action or suit on a contract by an assignee of any right under that contract, when that contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, if the defendant is the prevailing party, the maker of that contract and the plaintiff in the action or suit on that contract shall be severally liable for reasonable attorney fees and costs provided by ORS 20.096."

[8] Our review of the briefs in *Attaway* does not disclose the ultimate disposition of the defendant's counterclaim for rescission. Presumably, because the court denied

the contract on which *plaintiff* had based its action." 95 Or App at 483-84. (Emphasis supplied.)

We affirmed. In so holding, we expressly rejected the plaintiff's argument that the defendant's pleadings failed to adequately assert an entitlement to fees under the employment contract. We noted that the *plaintiff* had pleaded such an entitlement and concluded that, in the context of the pleadings as a whole, the defendant's bare assertion that the voluntary dismissal of the plaintiff's complaint would render him the "prevailing party" was sufficient to plead an entitlement to fees under the contract:

> "The trial court correctly found that defendant was the prevailing party under ORCP 54A(3). Further, in the spirit of ORCP 12, the court was entitled to construe defendant's motion liberally to include * * * a claim as prevailing party under the contract provision relied on by the plaintiff * * *. It is sufficient under ORCP 68C(2) to assert 'the facts' which provide the basis for the award of attorney fees. The 'fact' here is that defendant is the prevailing party. Given the court's finding that defendant was the prevailing party and its permissible interpretation of defendant's motion, there was no error in awarding attorney fees to defendant." 95 Or App at 484-85. (Footnotes omitted.)

*Accord Wacker Siltronic Corp. v. Pakos*, 58 Or App 40, 45, 646 P2d 1366, *rev den* 293 Or 635 (1982).[9]

Thus, in *Attaway, Inc. v. Saffer, supra*, we affirmed an award of contractually-based attorney fees where: (1) the defendant failed to plead the existence of the contract, much less affirm its enforceability; (2) the validity and enforceability of the contract had not been adjudicated; and, indeed, (3) the defendant had asserted a counterclaim for rescission, which remained unadjudicated at the time fees were awarded.

---

defendant's objection to the ORCP 54C dismissal, that counterclaim was dismissed as ancillary to that dismissal.

[9] In *Wacker Siltronic Corp v. Pakos, supra*, 58 Or App at 45, we held that

"when, as here, a contractual provision for award of attorney fees is pleaded by the plaintiff, and the defendant makes it known in any reasonable manner that attorney fees will be sought, the fact that a responsive pleading seeking attorney fees had not been filed will not prevent defendant from recovering fees."

Here, defendant's pleadings far surpassed *Attaway's* minimalist threshold. Defendant's requests for fees specifically referred to the contractual attorney fee provision. Moreover, in positive contrast to the pleadings in *Attaway*, defendant's pleadings did not seek to avoid the contract by rescission.[10] Defendant's requests for fees were legally sufficient.

Plaintiff next argues that, because defendant cannot rely solely on ORS 20.096(1) to recover fees, the fee award must be reversed. We agree that ORS 20.096 does not provide an independent basis for an award of fees. *Niedermeyer v. Latimer*, 307 Or 473, 769 P2d 771 (1989) (ORS 20.096(1) does not itself provide a right to attorney fees but only reciprocity for contractual rights). However, we disagree that defendant relied solely on the statute to recover fees. Defendant's requests for attorney fees asserted, *inter alia*:

> "A term of the contract [or promissory note] pled by [plaintiff] included an express provision for attorney's fees for the prevailing party and ORS 20.096 and ORS 20.097 permit recovery of attorney's fees under such circumstances * * *."

That pleading is hardly a model of clarity. However, we conclude, as we did with respect to a similar request in *Attaway, Inc. v. Saffer, supra*, that, "in the spirit of ORCP 12, the [trial] court was entitled to construe defendant's motion liberally" as pleading an entitlement to fees both under the contract and under ORS 20.096 and ORS 20.097. 95 Or App at 484-85.

Finally, plaintiff argues that a battery of precedent, including *Pickinpaugh v. Morton, supra, Bodenhamer v. Patterson, supra*, and *John Deere Co. v. Epstein, supra*, precludes defendant's recovery of attorney fees. Again, we disagree. Each of those cases is materially distinguishable. In each, the party seeking contractual prevailing party attorney

---

[10] Plaintiff points to deposition testimony in which defendant stated that he could not remember signing the contract as evidence that defendant disavowed, or intended to disavow, the contract. However, that testimony does neither; instead, it merely pertains to defendant's alleged inability to recall, following a serious auto accident, whether he signed the contract. In all events, defendant never disavowed the contract by denial, affirmative defense, or counterclaim. *Accord Associated Oregon Veterans v. DVA*, 308 Or 476, 480-81, 782 P2d 418 (1989) (where the defendant denied that the plaintiff's claims arose from a contract, but admitted that the contract provided for fees and requested fees should the contract be found to control, the defendant adequately pleaded a basis for attorney fees).

fees had either successfully rescinded the subject contract (*Pickinpaugh v. Morton, supra*; *Bodenhamer v. Patterson, supra*) or prevailed on a defense that the contract never existed (*John Deere Co. v. Epstein, supra*). Thus, they could not "avoid the contract and, at the same time, claim the benefit of the provision for attorney fees." *Bodenhamer v. Patterson, supra*, 278 Or at 378.

Here, by contrast, defendant did not obtain a judgment avoiding the contract. The merits of the contract dispute were unresolved. Accordingly, the authority plaintiff invokes does not bar defendant's recovery of contractually based attorney fees.

Defendant secured the dismissal of an action for breach of contract by invoking, rather than disavowing, the terms of the contract on which plaintiff sued. Accordingly, defendant, as the prevailing party in an action to "enforce or interpret any provision" of the loan agreement, was entitled to recover its reasonably incurred attorney fees. *See Dean Vincent, Inc. v. Krishell Lab.*, 271 Or 356, 532 P2d 237 (1975); *Sackett v. Mitchell*, 264 Or 396, 398, 505 P2d 1136 (1973); *Attaway, Inc. v. Saffer, supra*, 95 Or App at 485.

■   Defendant cross-assigns error to the trial court's denial of additional attorney fees as sanctions, under ORS 20.105 and ORCP 17, based on plaintiff's untimely filing of a fraud claim. That contention "is properly the subject of a cross-appeal, not a cross-assignment of error." *McKinley v. Owyhee Project North Board of Control*, 103 Or App 253, 268, 798 P2d 673, *mod. in part on other grounds*, 104 Or App 576, 802 P2d 677 (1990), *on recon* 106 Or App 366, 807 P2d 338, *rev den* 311 Or 426 (1991). Because he seeks to modify the judgment by obtaining relief the trial court expressly denied, defendant was obliged to file a cross-appeal. He did not do so.

Affirmed.