On appellant Owyhee Project Joint Committee's petition for reconsideration filed October 5, on respondents' petition for reconsideration filed October 9, respondents' petition for reconsideration denied; appellant Owyhee Project Joint Committee's petition for reconsideration allowed; former opinion (103 Or App 253, 798 P2d 673) modified and adhered to as modified; reversed and remanded for entry of judgment for defendants December 12, 1990, reconsideration allowed by opinion March 20, 1991

See 106 Or App 366 (1991)

## R. D. McKINLEY
and Evelyn McKinley; W. J. Bertram and Eris Bertram; Paul Skeen and Merlyn Skeen; Tom Okai and Helen Okai; Fred Saito; Okai Farms, Inc.; and Saito Farms, Inc.,
*Respondents,*

*v.*

## OWYHEE PROJECT NORTH BOARD OF CONTROL;
Carl L. Hill, Robert Cruickshank, Alvin Griffin, William H. Kennington, Masa Nishihara, Frank Dines, John Ross and State of Oregon, State Highway Division, and Owyhee Project South Board of Control,
*Defendants,*

*and*

## OWYHEE IRRIGATION DISTRICT;
Ontario-Nyssa Irrigation District,
Advancement Irrigation District,
Bench Irrigation District, Slide Irrigation District,
Payette Oregon Slope Irrigation District,
Crystal Irrigation District,
Owyhee Project Joint Committee,
Gem Irrigation District,
and Ridgeview Irrigation District,
*Appellants.*

(85-09-20, 517-L; CA A47525)

802 P2d 677

Tim J. Helfrich, Ontario, for appellant Owyhee Project Joint Committee.

Steven J. Pierce, Ontario, for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs petition for review of our decision, 103 Or App 253, 798 P2d 673 (1990), contending that we should not have reversed the trial court's decision that the Owyhee Project Joint Committee is the agent for the nine irrigation districts. The Joint Committee also petitions for review, asserting that we erroneously concluded that it is not a public body subject to the Oregon Tort Claims Act (OTCA). We treat the petitions as petitions for reconsideration, ORAP 9.15, deny plaintiffs' petition and allow that of the Joint Committee.

■  Plaintiffs contend that we erred in holding that, as a matter of law, the Joint Committee was not the agent of the irrigation districts and that the trial court erred in not directing a verdict for them, because their liability was based solely on *respondeat superior.* 103 Or App at 261. We adhere to that holding.

■  In its petition, the Joint Committee contends that we erred in holding that it is not a public body, a question that had not been raised, and that, because it was not a public body, we did not need to address defendants' assignments relating to the OTCA. ORS 30.260 *et seq.* 103 Or App at 261 n 10. We agree that we should not have decided that question. Plaintiffs did not argue that the Joint Committee is not a public body within the meaning of OTCA, either in the trial court or here. Instead, it addressed the Joint Committee's arguments. We should have accepted what appears to have been a concession by plaintiffs and, without addressing whether the Joint Committee was a public body, should have addressed the defenses asserted by the Joint Committee. We now withdraw that part of our opinion, assume that OTCA applies and address the Joint Committee's assignments relating to OTCA.

As a public body, the Joint Committee was entitled to notice under the OTCA, by a method permitted by ORS 30.275, which provides:

"(3)  Notice of claim required by this section is satisfied by:

"(a)  Formal notice of claim as provided in subsections (4) and (5) of this section;

"(b)   Actual notice of claim as provided in subsection (6) of this section;

"* * * * *

"(5)   Formal notice of claim shall be given by mail or personal delivery:

"* * * * *

"(b)   If the claim is against a local public body or an officer, employe or agent thereof, to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel.

"(6)   Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employe or agent of the public body."

In envelopes addressed to the North and South Boards of Control at their different places of business, plaintiffs mailed a notice: "To: North Board of Control, South Board of Control, Joint Board, their officers, directors and managers (North Board of Control hereinbelow)" that

"a claim for damages is and/or will be asserted against you by claimant above named. Damages claimed resulted from flooding of claimants [sic] property adjoining the Owyhee River below Owyhee Dam."

■       Plaintiffs assert that the Joint Committee had formal notice of the claim by virtue of their mailing that document to the North and South Boards of Control. However, the record does not show that the Joint Committee's address is the same as that of either the North or South Board of Control. A notice addressed to the principal offices of the North and South Boards of Control is not notice to the Joint Committee at *its* principal administrative office, as required by ORS 30.275(5)(b). Furthermore, although some individual members of the Boards of Control are also members of the Joint Committee, the Boards of Control, as separate entities, are not members of the Joint Committee. We hold that notice to the North and South Boards of Control is not notice to the

individual members of the Joint Committee. Formal notice of the claim was not given to the Joint Committee.

■      Plaintiffs contend, nevertheless, that the Joint Committee received actual notice of the claim, because its manager, Ross, was also the manager for the North Board, and the North Board received actual notice. There is no evidence, however, that Ross was an individual to whom formal notice may be given. He was not a member of the North Board of Control or of the Joint Committee. Additionally, the record does not show that he was "the person responsible for administering claims" on behalf of the Joint Committee. Notice to Ross could not constitute notice to the Joint Committee.

■      Plaintiffs also contend that the Joint Committee received actual notice, because all of its members are members of either the North or the South Boards of Control, and the North and South Boards each received formal notice. However, once again, there is no evidence that any of those persons *actually* received notice of the claim. Accordingly, the Joint Committee did not receive the notice required by ORS 30.275, and the trial court should have granted either its pretrial motion to dismiss or its motion for a directed verdict at close of plaintiffs' case.

Reconsideration denied on respondents' petition for review; reconsideration allowed on appellant Owyhee Project Joint Committee's petition for review; former opinion modified and adhered to as modified; reversed and remanded for entry of judgment for defendants.