On respondents' petition for review filed January 15 and on appellants' response filed February 4, reconsideration allowed, opinion on reconsideration (104 Or App 576, 802 P2d 677) adhered to March 20, petition for review denied May 28, 1991 (311 Or 426)

# R. D. McKINLEY
### and Evelyn McKinley, W. J. Bertram and Eris Bertram, Paul Skeen and Merlyn Skeen, Tom Okai and Helen Okai, Fred Saito, Okai Farms, Inc. and Saito Farms, Inc., *Respondents,*

*v.*

## OWYHEE PROJECT NORTH BOARD OF CONTROL;
### Carl L. Hill, Robert Cruickshank, Alvin Griffin, William H. Kennington, Masa Nishihara, Frank Dines, John Ross and State of Oregon, State Highway Division, and Owyhee Project South Board of Control, *Defendants,*

*and*

## OWYHEE IRRIGATION DISTRICT,
### Ontario-Nyssa Irrigation District, Advancement Irrigation District, Bench Irrigation District, Slide Irrigation District, Payette Oregon Slope Irrigation District, Crystal Irrigation District, Owyhee Project Joint Committee, Gem Irrigation District, and Ridgeview Irrigation District, *Appellants.*

(85-09-20, 517-L; CA A47525)

807 P2d 338

Steven J. Pierce, Ontario, for petition.

Tim J. Helfrich, Ontario and Allyn L. Sweeney, Ontario, appeared *contra*.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs petition for review of our decision on reconsideration, 104 Or App 576, 802 P2d 677 (1991), of our opinion in *McKinley v. Owyhee Project North Board of Control,* 103 Or App 253, 798 P2d 673 (1990). On reconsideration, we modified our original opinion and remanded for entry of judgment for defendants. We treat the petition as one for reconsideration, ORAP 9.15, allow it and adhere to the opinion on reconsideration.

In that opinion, we held that we had erroneously decided in our original opinion that defendant Joint Committee was not a public body for purposes of the Oregon Tort Claims Act (OTCA), because that question had not been argued on appeal. We said that plaintiffs appeared to have conceded that the Joint Committee was a public body by not arguing to the contrary in response to Joint Committee's argument that it had not been given the notice required by OTCA. We adhere to our holding, with comments.

In their petition, plaintiffs now refer to several places in the record where they indicated to the trial court their uncertainty as to whether Joint Committee was a public body. It is true that they never expressly "conceded" that Joint Committee was a public body. However, the portions of the record to which they refer also show that they never sought a determination from the trial court that it was not a public body. In fact, the judgment limits plaintiffs' damages against Joint Committee to those available under OTCA, and that must be viewed as an implicit determination that Joint Committee is a public body subject to the act.[1]

■ Plaintiffs contend for the first time in their petition that Joint Committee did not preserve any argument as to whether it had received notice under OTCA and, therefore,

---

[1] In their reply to Joint Committee's response to the petition for review, plaintiffs contend that the trial court's limitation of damages with respect to Joint Committee is simply consistent with its determination that the committee is an agent of the districts and that it should not be viewed as an implicit determination that it is a public body. Plaintiffs may be correct concerning the basis for the judgment's limitation of damages; however, the agency question was one of the principal issues on appeal. Plaintiffs should have anticipated the possibility that Joint Committee might prevail on that issue and that, if it did, its contention that it had not received the notice required by OTCA, and the underlying question of whether Joint Committee was a public body, would take on new significance.

that we should not have reached the issue in our opinion on reconsideration. The record shows that Joint Committee raised the notice issue only in its answer to plaintiffs' fourth amended complaint and in its motion for a judgment notwithstanding the verdict. In its brief on appeal, Joint Committee assigned error to the trial court's denial of its motions to dismiss, for directed verdict and for judgment notwithstanding the verdict. It combined its argument on those assignments, including its contention concerning lack of notice. In their response, plaintiffs did not contend, as they do now, that Joint Committee had not preserved the error concerning lack of notice under OTCA by raising it in the motion for directed verdict. We will not consider it for the first time now.

■    Plaintiffs also contend that, in deciding whether Joint Committee had received notice under OTCA, we erred in stating that "the record does not show that the Joint Committee's address is the same as that of either the North or South Board of Control." 104 Or App at 580. In their briefs on appeal, plaintiffs contended that Joint Committee received actual notice, because its members received actual notice, even though the envelope was not addressed to the committee. They did not contend that the committee received actual notice through the mailing of the notice to its place of business; neither did they respond to Joint Committee's contention that the evidence did not show that its address was the same as that of North or South Board. We will not consider arguments, raised for the first time in this petition, that there is some evidence from which it might be inferred that Joint Committee's place of business was at the office of North Board.

Reconsideration allowed; opinion on reconsideration adhered to.